STATE ex rel. E. V. STURGEON, et al., Relators, v. JACKSON BISHOP, et al., Respondents.

Springfield Court of Appeals, December 22, 1916.

1. ANIMALS: Restraining from Running at Large: Statutes. Under section 772, Revised Statutes 1909, it is unlawful for the owner of domestic animals to permit same to run at large outside the owner's enclosure. Section 779, Revised Statutes 1909, suspends the action of such law until the same is adopted by a majority vote at a general or special election. Sections 784 and 787, Revised Statutes 1909, which were passed later, provide for the adoption of the law by five or more townships in one body under certain conditions. Voters in townships which have already adopted the law under section 787 are eligible to vote in a county election on the same question.

2. STATUTES: Repeal by Implication: Duty of Court to Harmonize if Possible. Repeals of statutes by implication are not favored and it is the duty of the courts to so construe a statute and a seemingly inconsistent one subsequently passed that both shall be operative if possible.

3. ———: ———. An act will not be held to be repealed by implication by a subsequent act on the same subject unless there is such an inconsistency that both cannot operate together.

4. MANDAMUS: Elections: No Discretionary Matter Remaining: Officer's Duty. Where the proceedings are regular and no matter of discretion remains to be disposed of by a county court and the only duty left to be performed is that of proceeding with the election, mandamus is the proper remedy to compel such authorities to proceed with the election.

Original Proceedings in Mandamus.

PEREMPTORY WRIT AWARDED.

*J. A. Watson* for relators.

*S. N. Lorts* and *C. C. Bland* for respondents.

ROBERTSON, P. J.—Relators seek to compel respondents as members of the county court of Phelps county to submit to the voters of that county the question of restraining all the animals mentioned in section 772, Revised Statutes 1909, from running at large.

Some of the townships in said county have heretofore voted favorably upon the proposition under section 787, and the opposition to this proposed election is based upon the contention that none of the householders and voters in those townships have any right to participate in this proposed election throughout the entire county. To this we do not subscribe.

A history of the legislation involved is sufficiently set forth in State ex rel. Rippee et al. v. Forest et al., 177 Mo. App. 245, 253, to answer the purpose of this opinion.

The law as it was originally enacted applied to the county as a unit, but subsequently the Legislature extended to certain subdivisions of the county the right to put the law in force therein, without defining the effect this action would have upon the right of the householders in these subdivisions to participate in any subsequent effort to put the law into effect in the entire county. This question is left to judicial construction.

The respondents contend that when an election is held for townships and the law placed in force as to them, then the householders and voters thereof have exhausted their right to participate in any election on this question extending over the whole county. They say the privileges conferred have been exhausted. It is said that when townships vote on the question they thereby become a separate and independent unit, freed from the will of the voters of the remainder of the county on these questions.

We observe no intent or purpose on the part of the Legislature, when amending the statute so as to allow the citizens of certain townships to avail themselves of the law, to deprive the county as a whole of the right

to place the law in force therein as to one or more of the species of animals mentioned in section 772. Neither do we think there is any sound reason for upholding the contention of the respondents. We think it is intended that the will of the voters of the county shall determine whether the provisions of section 772 shall extend throughout the entire county irrespective of what any of the townships have theretofore voted. By reason of the townships adopting the stock law the county as a whole does not surrender its paramount right to proceed as though no action had been taken by the lesser subdivisions. And this has been said to be somewhat similar to the right of Congress to legislate within its powers irrespective of the fact that the States may have legislated on the same subject. [Police Jury v. Town of Mansura, 119 La. 300, 44 So. 23.]

In 1 Woolen and Thornton on the Law of Intoxicating Liquors, section 521, is cited a number of cases in which it is held that an election might be called to vote on local option for a territory, in certain subdivisions of which the question had previously been voted on and the law adopted, but none of these cases, except the Louisiana case we have cited above, assign any reason for the holding.

It has been argued that no such rule is applicable to our local option statutes concerning intoxicating liquors, and to this we agree. Several reasons therefor suggest themselves. Unlike the statute giving local option rights as to the stock law, the law applicable to intoxicating liquors is differently enacted. It does contemplate a county and community unit as therein stated, and the voters of the entire county are not in any manner given authority over the territory less than the county which can vote separately on the question. The act itself fixes absolutely the boundaries of the county as a whole and for the subdivisions thereof; but in the stock law the authority was first given absolutely to the voters of the entire county and afterward the townships were given the right to proceed if the voters of the county did not. No one would likely contend that the electors of any

county or city adopting the Local Option Law applicable
to intoxicating liquors would be deprived of the right
to vote on the question of state-wide prohibition sub-
mitted to the voters of the entire State. The principles
governing the stock law as enacted do not appear to us to
be materially different. There is no express provision
for depriving the voters of the entire county of the right
to have the decision of all the voters of the county on the
question of the adoption of the law for the entire county,
and we know of no reason for reading such a restriction
into the statute in this case. The citizens of the town-
ships having adopted the stock law are yet interested
in the question of its adoption in the whole county, and,
because of having themselves adopted it, are none the
less qualified to vote at the general election. The fact
that the voters of certain townships are forced to accept
less than county-wide restraint of animals from running
at large should not deprive them of the right to aid in
obtaining the greater benefit when it is possible.

We should not assume that the Legislature intended
to repeal the county unit provisions of section 772 by
the enactment of section 784. Repeals by implication
are not favored. This means that it is the duty of the
courts to so construe the acts that, if possible, both shall
be operative. [1 Southerland on Statutory Construction
(Lewis' 2 Ed.), section 247.] Before an act can be held
to be repealed by implication by a subsequent one on the
same subject the authorities and reason require that
there be such inconsistency that both cannot operate
together. In the case we have under consideration there
is no such conflict. The townships have availed them-
selves of a right which in no manner now interferes with
the privilege the whole county has of adopting the stock
law. Any argument made that to permit the county as
a unit to vote after five or more townships have adopted
the law as to certain animals will create confusion on
the border, may be urged with equal force should we
uphold respondents' contention.

It is contended by respondents that the remedy invoked in this case—mandamus—is not available to the relators. Upon the record before us it is conceded that the petition and all the proceedings are regular if the householders of the townships having adopted the law are qualified to participate therein. As the matter now stands before us it appears that all matters in which the county court may exercise its discretion have been disposed of and that the only duty left to be performed is that of proceeding with the election. [State ex rel. Shaw v. Baker, 32 Mo. App. 98, 101, 102.] It is therefore ordered that the peremptory writ issue. *Sturgis* and *Farrington, JJ.*, concur.