J. W. WELLS, G. S. RIDDLE and GEORGE C. CAIN, Appellants, v. M. A. NULL, Respondent.

Springfield Court of Appeals, December 5, 1921.

1. **ANIMALS:** Township Voting to Adopt Stock Law Must Join Group of Five. To authorize an election in one township under Revised Statutes 1919, section 4291, to restrain domestic animals from running at large in that township, it must join a group of five or more townships previously adopting the law.

2. ———: Township Voting on Adoption of Stock Law may Join Townships of Another County. One township joining a group of at least five townships, located in another county, previously adopting the law, could vote to restrain domestic animals from running at large in such township, under Revised Statutes 1919, section 4291.

Appeal from Circuit Court of Pulaski County.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*Frank Farris* for appellant.

(1)  The case of Bever v. Smith, 207 S. W. 238, is the latest case upon this question that we have been able to find in Missouri.  An examination of this case reveals this condition.  Greene county first adopted the stock law; thereafter a township in Webster county adjoining Greene county, which was a body of more than five townships, adopted the stock law; and by continued additions in Webster county, five townships had adopted the law; and thereafter all of Webster county, containing five townships, adopted the stock law.  Then a township in Wright county adjoining Webster county adopted the stock law; and then, by further elections in Wright county, the body was so enlarged until five townships in a body had adopted the stock law in Wright county. This body of five townships adjoined Texas county; and then a township in Texas county which adjoined the five townships in Wright county adopted the stock law; and thereafter another township in Texas county which adjoined the township in Texas county which had previously adopted the stock law also adopted the stock law. And that was the election that was in question.  And the court held that they had the right to do it.  It will be observed that in each of these elections before the one involved in that case, that when a single township voted, it adjoined five townships in the same or some other county that had previously adopted the law.  (2)  The construction of this law as given by the courts supports this contention, and further hold that the construction must be strict.  State ex rel. v. Forrest, 177 Mo. App. 248 to 251; State ex rel. Sturgeon v. Bishop, 189 S. W. 593.  The order in this case calling the election was without and beyond the jurisdiction of the county court

of Pulaski county, and not in strict conformity with the statute authorizing the same, and the election held thereunder is void. The county court, being an inferior court of limited powers, and not proceeding according to the common law, its jurisdiction must affirmatively appear from the record, or its action must be annulled when attacked in a direct proceeding. State ex rel. v. Forrest, 177 Mo. App. 252 and cases cited. (3) There is no issue raised as to the right to proceed by injunction, and there can be no doubt of such right. Second High on Injunction, page 1377, sec. 1308, and secs. 1284 and 1285.

*J. J. Crites* and *J. R. Kirkham* for respondents.

(1) Union Township in Pulaski county was adjoined by fourteen townships in a body which had hereto adopted the provisions of the stock law, restraining the same animals from running at large. This fact was shown from the evidence submitted on the trial of the case. Seven of these townships were in Miller and seven of them were in Maries county. (This testimony is not shown in the abstract of the appellant, but it will not be contended that each of the counties referred to above did not contain seven townships.) If this is shown, and it was, then Union Township had the legal right to vote on the proposition of restraining the enumerated stock from running at large in the township. R. S. 1919, sec. 4291. (2) Even if a part of the five adjoining townships in a body were in Miller, and a part of them were in Maries county, the finding of the trial court was for the right party. Authority for this is found in the well-considered case of Beaver v. Smith (decided by this court), 207 S. W. 238, where the statute authorizing restraint of the enumerated stock is considered, discussed and construed; eliminating and excluding therefrom all unreasonableness and absurdities, and this case is decisive of the issues in the case at bar if the court finds from the order of the county court of Pulaski county, Missouri, that a part of the townships in a body were in Miller and a part of them were in Maries county.

COX, P. J.—This is an action by appellants against respondent in which they seek to enjoin him as constable of Union Township in Pulaski county from restraining cattle, swine and sheep belonging to plaintiffs from running at large in said township. A temporary injunction was issued. Upon the trial, the issues were found in defendant's favor and plaintiffs' temporary writ of injunction dissolved. Plaintiffs have appealed.

The only question in issue at the trial was the validity of an election previously held in Union Township in Pulaski county to restrain domestic animals from running at large in that township. The validity of that election depends on whether the county court of Pulaski county had jurisdiction to order the election. The vote was to be taken in one township only and hence to authorize an election on this question in that township, it must appear that it joined a group of five or more townships that had previously adopted the law. This much is conceded in this case.

The question of jurisdiction in the county court to order this election depends upon the sufficiency of the petition presented to the county court and the finding of the court as shown by its record when it passed on the petition and ordered the election. The petition in describing the location of Union Township used the following language: "We further represent that the Township of Union adjoins five or more townships in one body in Miller and Maries counties that have heretofore adopted the law." The court adjudged the petition sufficient and ordered the election. In its order the court found that Union Township is located in Pulaski county and adjoins five or more townships in a body that had heretofore adopted the law restraining horses, mules, asses, cattle, swine, sheep and goats from running at large. That said five or more townships referred to by petitioners are situated in Miller and Maries counties, Missouri, adjoining counties of said Union Township and to Pulaski county.

The question here presented is whether one township which must adjoin a group of at least five townships that have previously adopted the law in order to be permitted to vote on the question of restraining domestic animals from running at large can count part of the five townships in one county and part in another with none in the county of which it is a part. This court held in Bever v. Smith, 207 S. W. 238, that a single township which adjoined one other township in the same county that had previously adopted the law could cross the county line and finish out the group of five or more by counting townships in another county although the township then seeking to vote on the question did not join the townships located in the other county. The trial court in this case held that the Bever case applied to the facts in this case and sustained the validity of this election. Appellant now contends that if the Bever case does apply to the facts in this case, then it is wrong and should be overruled. We have gone carefully over the history of legislation on the question of restraining domestic animals from running at large and, without giving all the details, we may call attention to that history briefly in order, if we can, to discover the legislative intent in enacting the section of the statute, now section 4291, Revised Statutes 1919, permitting one township to vote on the question alone when it adjoins a group of five others that have previously adopted the law.

The first act, Session Acts 1883, page 27, permitted a county to vote on the question as a whole. That provision is still retained as section 4282, Revised Statutes 1919. Under that section nothing less than a county could vote and elections may still be held under it. In the Acts of 1885, page 29, it was provided that five or more townships in one body in any county might vote on the question thus reducing the possible unit from a county to five townships. This remained as a part of the law until 1919 when the number of townships that could vote alone was reduced to three. [See Sec. 4288, R. S.

1919.]   In 1919 when the unit was reduced from five to three townships, the section requiring a single township to adjoin a group of five which had previously adopted the law in order to vote alone was not changed.   In the Acts of 1887, page 20, it was provided that when one or more townships lie adjacent to a river and half or more of said townships are subject to overflow, then one or more townships so situated could vote alone on the question.   It has since been provided that if one or more townships lie adjacent to or are divided by a river, the vote may be taken and is now section 4289, Revised Statutes 1919.   It has also been provided by what is now section 4290, Revised Statutes 1919, that when a navigable stream runs through a township, then either part of that township which adjoins another township that had previously adopted the law, such part of a township may vote alone on the question.

The whole trend of legislation from the first enactment in 1883 to the present seems to evince a purpose to encourage the extension by vote of the territory over which the law should become operative.   The case of Bever v. Smith, was decided by this court in harmony with that legislative purpose and we adhere to the rule then made.   We see no substantial distinction between the Bever case and this case.   Our conclusion is that in determining the right of one township to vote alone on the question, county lines are to be disregarded in locating a body of five or more townships that have previously adopted the law and if the one township adjoins a body of five townships that have adopted the law, then it is immaterial whether said five townships are all in one county or are in two or more counties.

Judgment affirmed.   *Farrington, J.,* and *Bradley, J.,* concur.