STATE OF MISSOURI EX REL. MAGGIE H. TURNER ET AL., APPELLANTS, v. T. A. PENMAN ET AL., JUDGES OF THE COUNTY COURT OF NEW MADRID COUNTY, RESPONDENTS.*

In the Springfield Court of Appeals. Opinion filed March 2, 1926.

**1.—Certiorari—Purpose of the Writ.** The chief purpose of the writ of certiorari is to keep inferior courts within the bounds of their jurisdiction.

**2.—Same—When the Writ Will Lie—Judicial Acts.** Certiorari will only lie for the review of judicial or quasi-judicial acts, and will not lie for the review of acts which are ministerial, legislative, or executve in character, and the general character of the acting body does not always determine the character of the act.

**3.—Drains—Drainage Districts—Certiorari—Proceedings to Establish District—Review.** As a general rule, certiorari will lie to review proceedings to establish a drainage district where the court or other inferior tribunal before which the proceedings were had fails to comply with the essential requirements of the statute, or otherwise acts without jurisdiction or in excess of its jurisdiction, and no appeal or other adequate remedy is provided.

**4.—Same—Same—Same—Challenging Validity of Proceedings to Establish District—Certiorari Proper Remedy.** Certiorari held the proper remedy to
220 M. A.—13.

challenge validity of proceedings of county court, under sections 4477-4531, Revised Statutes 1919, in the organization of a drainage district, as relators had no adequate remedy by appeal, under section 4488, and order incorporating district and placing assessment on lands, was judicial in character rather than legislative.

5.—Same—Same—Establishing District—Proceedings Held Substantial Compliance With Statute. Notice of pendency of petition to form drainage district, which was published, and notified all concerned that viewers and engineer had made and filed preliminary report, but not specifically referring to section 4477 et seq., Revised Statutes 1919, as statute under which organization was to be made, held, in view of section 4531, requiring liberal construction, to comply substantially with form prescribed by section 4481, and to show sufficiently that proceeding was to be under section 4477 et seq., rather than section 4444 et seq.

6.—Same—Same—Same—Notice of Pendency of Petition to Form District Held Not Required to Set Out Place of Beginning, Route, or Terminus of Proposed Ditches. Notice of pendency of petition to form drainage district held not required, under section 4481, Revised Statutes 1919, to set out place of beginning, route, or terminus of proposed ditches, even though county court in order directed such facts to be set out in notice, it being duty of the clerk and not of the court to give the notice, contrary to former requirements, under section 8281, Revised Statutes of 1899.

7.—Same—Same—Same—Statute Held Not Repealed by Implication. Sections 4513, 4514, Revised Statutes 1919, providing for work upon existing ditches without the formation or establishment of a new drainage district, held not to repeal by implication section 4477, authorizing the establishment of a new district embracing the territory of a prior district for the purpose of reconstructing, straightening, widening, altering, or deepening ditches in such old district.

8.—Statutes—Repeals by Implication Not Favored. Repeals by implication are not favored, and courts will if possible construe prior and subsequent related acts so as to make both effective.

9.—Drains—Drainage Districts—Petition Held to Show on its Face Object Was Establishment of New District. Petition held to show on its face that its object was the establishment of a new district to reconstruct and improve ditches in old district, under section 4477 et seq., Revised Statutes of 1919, and not to provide for work on such ditches without the establishment of a new district, under sections 4513, 4514, Revised Statutes of 1919.

---

*Corpus Juris-Cyc. References: Certiorari, 11CJ, p. 88, n. 11; p. 100, n. 77; p. 120, n. 50; p. 121, n. 51. Drains, 19CJ, p. 613, n. 52; p. 642, n. 75; p. 650, n. 81, 84; p. 674, n. 62; p. 675, n. 63. Statutes, 36Cyc, p. 1071, n. 25; p. 1147, n. 28, 29, 30; p. 1149, n. 36.

Appeal from the Circuit Court of New Madrid County.—Hon. H. C. Riley, Judge.

AFFIRMED.

*Archie E. Groff,* of St. Louis, and *George H. Traylor,* of New Madrid, for appellants.

(1) The Drainage Act is a code unto itself and the county court, being a court of limited jurisdiction and not proceeding according

to the common law, is confined strictly to the authority given, and all the jurisdictional fact necessary to authorize its action must appear on the face of the record before the court can acquire jurisdiction over the subject-matter. State ex inf. Barrett v. Imhoff, 291 Mo. 603, 238 S. W. 122; Buschling v. Ackley, 270 Mo. 157, 173; Bayless v. Gibbs, 251 Mo. 492; State ex rel. Scott v. Trimble, 272 S. W. 66; State ex rel. Harrison v. Hill, 212 Mo. App. 173, 253 S. W. 448; State ex rel. Flowers v. Morehead, 256 Mo. 683. (2) The county court failed to acquire jurisdiction over the subject-matter to create a new district because: (a) The notice of pendency of the petition to form a drainage district was not in manner and form as set out by statute. Sec. 4481, R. S. 1919; State ex rel. Ruppel v. Wiethaupt, 254 Mo. 319. (b) The notice failed to state what law the district was being formed under. Sec. 4481, R. S. 1919. (c) The notice of pendency of the petition to form the district did not comply with the order of the county court in that it failed to set out the place of beginning, route and terminus of the proposed ditches and the time fixed for the viewers to make their report. State ex rel. Ruppel v. Wiethaupt, 254 Mo. 319. (d) The petition shows on its face that the improvement asked for was the enlarging of old and existing ditches of an established district. Sec. 4513, R. S. 1919; State ex rel. Marshall v. Bugg, 224 Mo. 537. (3) The cardinal rule of statutory construction is to ascertain the intention of the lawmakers as far as possible, and the Drainage Act should be construed so as to effectuate the purpose of the act, giving effect to the whole act. Kerens v. St. L. Union Trust Company, 223 S. W. 645, 284 Mo. 601; Spurlock v. Wallace, 204 Mo. App. 674, 218 S. W. 890; State ex rel. Marquette Hotel v. State Tax Commission, 282 Mo. 213; In re Kinsella's Estate, 239 S. W. 818, 293 Mo. 545; Lincoln University v. Hackman, 243 S. W. 320, 295 Mo. 118. (4) (a) In the drainage code the statute particularly defines how ditches may be "enlarged, cleaned out, obstructions removed therefrom or new work done," thereby limiting by a specific section the general provisions of the act. Sec. 4513, R. S. 1919; State ex inf. Barrett v. Imhoff, 238 S. W. 122, 291 Mo. 603; State ex rel. Garesche v. Roach, 258 Mo. 441, 552; Buchanan County v. Fulks, 296 Mo. 614, 247 S. W. 129; State ex rel. Brotherhood of American Yeoman, 287 Mo. 169, 229 S. W. 1057. (b) Where the statute sets out a method of procedure for a particular result it limits the procedure to that particular method because the general provisions of the act must yield to the special provision where there is a conflict. State ex rel. Brotherhood of American Yeoman, 229 S. W. 1057, 287 Mo. 169; State ex rel. Buchanan v. Fulks, 296 Mo. 614, 247 S. W. 129; State ex rel. Garesche v. Roach, 258 Mo. 441, 552. (5) The county court obtained no jurisdiction to enlarge, clean out, remove obstructions or do new work on the existing ditches,

as prayed for by petitioners, for the reasons that: (a) The petition was not signed by 20 per cent of the landowners of the district whose lands were affected by the improvement. (b) The statement of the petitioners was not published in four issues of a weekly newspaper. (c) The statement was not filed more than four weeks before the hearing was had by the court. Sec. 4513, R. S. 1919. (6) The writ of *certiorari* is the appropriate remedy to keep inferior courts and bodies within their jurisdiction and their records when they act either without or in excess of their lawful jurisdiction, may be quashed. State ex rel. v. Morehead, 256 Mo. 683, 692; State ex rel. Ruppel v. Weithaupt, 254 Mo. 319; State ex rel. v. Wurdeman, 254 Mo. 569; State ex rel. v. Moseman, 231 Mo. 478; Rector v. Price, 1 Mo. 198; Railroad v. Morton, 27 Mo. 319; State ex rel. v. Stover, 113 Mo. 202; State ex rel. v. Taylor, 224 Mo. 491; State ex rel. v. Lichta, 130 Mo. App. 290; State ex rel. Sanks v. Johnson, 138 Mo. App. 306. (7) If an inferior court takes cognizance of a matter whereof it has no jurisdiction an objection may be raised in the proper mode at any stage of the proceedings. State ex rel. v. Trimble, 247 S. W. 187, 193; Railroad Co. v. Schweitzer, 246 Mo. 122; In re Wilhelmina Dr. District, 280 Mo. 1; State ex rel. v. Lawrence, 45 Mo. 492; Little River Drainage Dist. v. Houch, 282 Mo. 458; Western Tie Co. v. Naylor Drainage Dist., 226 Mo. 440; Drainage District v. Railroad, 216 Mo. 709; Pemiscot Co. v. Scott, 176 Mo. 90; Bayless v. Gibbs, 251 Mo. 506; In re Busching v. Achley, 270 Mo. 157.

*Gallivan & Finch,* of New Madrid, for respondents.

(1) The notice, as published, was in substantial compliance with the statute and is sufficient. Sec. 4481, R. S. 1919; State ex rel. v. Eicher, 178 S. W. 171; State ex rel. v. Taylor, 224 Mo. 393, 462. (2) The law that formerly required the notice to give the place of beginning, route and terminus of the proposed ditches, was repealed long before the organization of this district. Laws of 1919, p. 294; Sec. 4481, R. S. 1919. (3) The clerk, not the county court, is charged with the duty of giving notice and his authority is derived from the statute and not the court and therefore the order of the county court with respect to the notice was a nullity. Sec. 4481, R. S. 1919. (4) A writ of *certiorari* will only lie to review the order of an inferior court where the proceedings have not been finally adjudicated in the lower court. State ex rel. Walbridge v. Valliant, 123 Mo. 524; State ex rel. v. Edwards, 104 Mo. 124; State ex rel. v. Goodrich, 257 Mo. 40, 49. (5) Express statutory authority is given to organize a drainage district, to construct, straighten, widen, alter or deepen any ditch, drain or natural stream. Sec. 4477,

R. S. 1919, Amended Laws 1921, p. 303; State ex rel. Marshall v. Bugg, 224 Mo. 537. (6) Drainage legislation had in view a great public purpose and should not be confined by a technical construction but so construed as to facilitate the accomplishment of the purposes indicated by the legislative enactment. State ex rel. v. Bugg, 224 Mo. 554-55. (7) The incorporation of a drainage district is a legislative and not a judicial proceeding, being merely the exercise of the power to establish a taxing district, and therefore *certiorari* will not lie to review the action of the court in incorporating a district and fixing its boundaries. State ex rel. Manion v. Dawson, 225 S. W. 95; Birmingham D. Dist., 247 Mo. 140, 202 S. W. 404; Houck v. Little River Drainage District, 248 Mo. 373, 154 S. W. 739. (8) It is only in the assessment of benefits and damages that the court acts judicially. State ex rel. Manion v. Dawson, supra; Bushong v. Ackley, 270 Mo. 157, 165, 192 S. W. 727-729. (9) In cases where *certiorari* will lie it only brings up the record of the proceedings in the lower court for review, and unless in the face of that record it appears that the court is acting without or beyond its lawful jurisdiction, its proceedings cannot be quashed. School Dist. v. Yates, 161 Mo. App. 117; State ex rel. Pollard v. Brasher, 201 S. W. 1150, 1153; State ex rel. v. Patterson, 229 Mo. 364, 368; In re Breck, 252 Mo. 302.

BRADLEY, J.—This is an appeal from a judgment of the circuit court quashing a writ of *certiorari* theretofore directed to the Judges of the county court of New Madrid county. The object and purpose of the *certiorari* proceedings was to quash the record and proceedings of the county court in the organization and incorporation of Drainage District No. 38 of New Madrid county.

Drainage District No. 7 was organized in 1901 in the county court under the provisions of article 4, chapter 122, Revised Statutes 1899. This district was in the western part of New Madrid county and extended north and south about 16 miles and east and west about 9 miles, and included about 80,000 acres. The drainage system constructed under Drainage District No. 7 consisted of 8 parallel ditches running north and south. These ditches were numbered from 1 to 8 inclusive beginning with number 1 on the west, and in addition there was an outlet ditch designated as No. 9. In 1911 Drainage District No. 26 was organized in the county court under article 4, chapter 41, Revised Statutes 1909, and included about 26,000 acres, and embraced the territory of Drainage District No. 7, wherein were ditches 1, 2, and 3. In 1912 Drainage District No. 28 was organized in the county court under article 4, chapter 41, Revised Statutes 1909, and included the territory wherein were ditches 4, 5, 6, 7, and 8 of Drainage District No. 7. Later Drainage District No. 33

was organized to reconstruct ditches A and B which were originally constructed by Drainage District No. 26. Drainage District No. 38, the one involved in the proceedings at bar, was organized in 1923 under article 4, chapter 28, Revised Statutes 1919, the same law under which all the other districts herein mentioned were organized, and within its territory are included ditches 2 and 3 and a part of 4 of original Drainage District No. 7.

The improvements sought by Drainage District No. 38 are stated in the petition for the organization as follows:

"1. That ditch No. 2 of original Drainage District No. 7 in New Madrid county, Missouri, is to be reconstructed sufficient to carry the waters cast upon the lands in this district and the waters brought from the land adjacent thereto, through ditches constructed therein. That said ditch No. 2 shall begin at the north line of New Madrid county, Missouri, where the present ditch No. 2 is now located and follow the course of said ditch south to the south line of New Madrid county, Missouri.

"2. That ditch No. 3 of original Drainage District No. 7 shall be deepened, widened, enlarged and reconstructed from the north line of New Madrid county, where said ditch now begins, south along the course of said ditch No. 3 to the south line of New Madrid county.

"3. That ditch No. 4 of original District No. 7 shall be deepened, widened, enlarged and reconstructed from the north line of New Madrid county, thence south along said ditch No. 4 to the south line of New Madrid county.

"4. That there shall be constructed a ditch designated as ditch B, starting at a point one-quarter mile east of the starting point of ditch No. 2 as herein set out, at or near the north county line of New Madrid county, and running south between ditches No. 2 and No. 3 along the course of the low lands therein to the south end of New Madrid county to such an outlet as may be obtained therefor."

Above is the history in brief of the various activities respecting drainage in the territory of Drainage District No. 7 since its organization in 1901 and also a statement, taken from the petition, of the object and purpose of Drainage District No. 38.

At the threshhold we are confronted with the contention of respondents that *certiorari* will not lie to challenge the validity or the regularity of the establishment of a drainage district. Relators contend that the county court did not have jurisdictioin to order the establishment and incorporation of Drainage District No. 38, because the notice of the pendency of the petition to form a drainage district failed (1) to state under that particular statute the proposed drain-age district was to be organized: (2) failed to comply with the order of the county court to set out the place of beginning, route and termi-

nus of the proposed ditch or ditches; and (3) because the petition shows on its face that the improvement asked for was the enlarging of existing ditches of an established district under section 4513, Revised Statutes 1919, and was not for the organization of a new district under article 4, chapter 28, Revised Statutes 1919.

Assuming, for the purpose, that the county court did not have jurisdiction, because of the reasons alleged, to order the organization and incorporation of Drainage District No. 38, is *certiorari* the proper remedy?

The chief purpose of the writ of *certiorari* is to keep inferior courts within the bounds of their jurisdiction. [State ex rel. Ruppel et al. v. Weithaupt et al., 254 Mo. 319, l. c. 329, 162 S. W. 163.] But *certiorari* will only lie for the review of judicial or *quasi*-judicial acts, and will not lie for the review of acts which are ministerial, legislative or executive in character, and the general character of the acting body does not always determine the character of the act. [State ex rel. Manion et al. v. Davison, 225 S. W. (Mo. Sup.) 97.]

Relators had no remedy by appeal. [Sec. 4488, R. S. 1919; Western Tie & Timber Company v. Naylor Drainage District, 226 Mo. 421, l. c. 441, 126 S. W. 499; State ex rel. v. Weithaupt, supra.] In the last-mentioned case it appears that the organization of a drainage district was sought in the county court of St. Louis county under article 4, chapter 122 Revised Statutes 1899, and the amendments thereto. The petition was filed April 23, 1906. Upon filing the petition the county court appointed viewers and an engineer, and the preliminary report was filed in due time. Under the law then in force, Laws 1905, p. 181, after the preliminary report of the viewers was filed, notice was required to be given (1) of the pendency of the petition; (2) the appointment and report of the viewers, (3) the place of beginning, route and terminus of the proposed ditch and (4) the time fixed for hearing the report. The notice published gave the beginning, route and terminus as given in the petition instead of as described in the preliminary report of the viewers. It was held that the county court did not have jurisdiction to incorporate and establish the district because of the failure of the published notice to describe the beginning, route and terminus of the proposed ditch or drain as described in the preliminary report, and that *certiorari* was the proper remedy.

Respondents contend that the ruling in State ex rel. v. Weithaupt, respecting the remedy by *certiorari*, has been by implication overruled by State ex rel. Manion v. Dawson, supra. In State ex rel. Manion v. Dawson, *certiorari* was invoked to quash an order and judgment of the circuit court of Gentry county extending the boundary lines of the Albany Drainage District which was established by the circuit court under Laws 1913, pp. 232-267, now section 4378

et seq. Revised Statutes 1919. It was held that the act of the circuit court in extending the boundary lines so as to incorporate additional territory into the district was a legislative act and could not be reviewed by *certiorari*. The procedure to incorporate additional territory within a drainage district established by a circuit court is quite similar to the procedure required in the first instance to establish the district, and it is contended that if the act of the circuit court extending the boundary lines of a drainage district is legislative in character that the act of establishing the district in the first instance is also legislative. From this it is reasoned that if the act of the circuit court establishing a drainage district is legislative in character, then the act of a county court in establishing a drainage is also legislative in character.

As general rule *certiorari* will lie to review proceedings to establish a drainage district where the court or other inferior tribunal before which the proceedings were had, fails to comply with the essential requirements of the statute, or otherwise acts without jurisdiction or in excess of its jurisdiction, and no appeal or other adequate remedy is provided. [11 C. J., p. 674, sec. 144; Dewell v. Commissioners of Sny Island Drainage District, 232 Ill. 215, 83 N. W. 811; Sanner v. Union Drainage District, 175 Ill. 575, 51 N. E. 857; State ex rel. v. Posz, 106 Minn. 197, 118 N. W. 1014; State ex rel. v. Grindeland, 195 N. W. (Minn.) 781; In re Jenson 198 N. W. (Minn.) 455.]

State ex rel. v. Weithaupt, on which relators rely to support their contention that *certiorari* will lie was decided in division in 1914, and State ex rel. v. Dawson, on which respondents rely to support their contention that *certiorari* will not lie was decided In Banc in 1920. The judge who wrote the opinion in State ex rel. v. Weithaupt, concurred in the opinion in State ex rel. v. Dawson. No mention is made of the Weithaupt Case in the Dawson Case. There is this distinction between the Weithaupt Case and the Dawson Case. In the former the act establishing the district was challenged, and in the latter the act extending the boundary lines was challenged. In extending the boundary no new entity was brought into existence, the arm of the old corporation was merely extended.

5 Ruling Case Law, p. 259, says that it is fairly well settled that judicial action is an adjudication upon the rights of parties who in general appear or are brought before the tribunal by notice or process and upon whose claims some decision or judgment is rendered. The order establishing Drainage District No. 38 certainly has all of the ear marks of judicial action as defined by Ruling Case Law. And in addition to creating a corporate body this order went further and levied an assessment of 35 cents per acre upon all the lands in

the district for the purpose of paying the expenses of organization. In State ex rel. v. Dawson, the court uses the following language: "The mere fact that the lands of the relators in this case have been incorporated into the Albany Drainage District does not *ipso facto* in any manner affect relators' rights in the premises, so long as their property had neither been benefited nor damaged." Then follows a quotation from Buschling v. Ackley, 270 Mo. 157, l. c. 165, 192 S. W. 727, as follows: "From this it is evident that it is the taking or damaging of the property, and not the incorporation of the district that affects the owners' rights." But by the order at bar which we are asked to declare legislative in character the court not only incorporated the district and included relators lands therein, but also placed an assessment upon their lands which would result in literally taking the lands should they refuse to pay.

It is our conclusion that the Weithaupt Case was not overruled by the Dawson Case, and that *certiorari* is the proper remedy to reach the merits of relators' cause.

For convenience, before proceeding to the merits, we shall briefly restate the grounds upon which relators rely to quash the proceedings of the county court establishing Drainage District No. 38. These grounds are: (1) That the notice of pendency of the petition failed to state under what particular statute the proposed drainage district was to be organized; (2) that said notice failed to set out the place of beginning, route and terminus of the proposed ditch or ditches; and (3) that the petition shows on its face that the improvement sought was the enlarging of existing ditches of an established district under section 4513 et seq., Revised Statutes 1919.

(1) Section 4481, Revised Statutes 1919, sets out a form for notice and provides that the notice shall be substantially in that form. The form there set out refers specifically to article 4, chapter 28, Revised Statutes 1919. The notice here challenged did not specifically refer to the article and chapter; but in all other matters conformed to the form prescribed. There are only two methods by which to establish drainage districts in the county court. One is under article 3, chapter 28, Revised Statutes 1919, section 4444 et seq., and the other is under article 4, chapter 28, Revised Statutes 1919, section 4477 et seq. Under article 3 personal service is required and no viewers are appointed, while under article 4 service is by publication and viewers are appointed. The notice challenged showed that it was published by the clerk as the law requires and notified all concerned that the viewers and engineer had made and filed the preliminary report. Also section 4531, Revised Statutes 1919, a part of article 4, chapter 28, declares the whole article to be remedial in character and purpose and directs that it be liberally construed by the courts.

In view of the contents of the notice and the fact that there are only the two methods for establishing drainage districts in the county court no one could have been misled. Considering these facts and the statutory requirements of liberal construction we hold that the notice published was a substantial compliance with the form prescribed and is sufficient. [State ex rel. Applegate v. Taylor et al., 224 Mo. 393, l. c. 463, 123 S. W. 892; State ex rel. Roberts v. Eicher, 178 S. W. (Mo. Sup.) 171.]

(2) Should the notice have given the place of beginning, route and terminus? This question is in effect answered above in our ruling that the notice was substantial compliance with the form prescribed. Relators urge this point because the order of the county court made when the petition was taken up, directed that the notice to be given set out the place of beginning, route and terminus. The statute, section 4481, Revised Statutes 1919, does not require that the court give the notice or direct the clerk to give it, but places the duty of giving the notice upon the clerk. Neither does the statute require that the notice describe the place of beginning, route and terminus. The old statute, section 8281, Revised Statute, 1899, placed the duty of causing notice to be given upon the court, and prescribed that the notice should give the place of beginning, route and terminus. Since the law does not prescribe that the notice give the place of beginning, route and terminus, such could not be made imperative by an order of the court, and especially is this true here, because the duty of giving notice was upon the clerk and not upon the court.

(3) Relators further contend that the petition for the improvement sought shows upon its face that it is based upon section 4513, Revised Statutes 1919, and that under this petition the court did not have the right or jurisdiction to proceed to the creation of a new drainage district. In other words relators contend that section 4513 prescribes the exclusive procedure for the improvements mentioned and described in the petition. Section 4513 is a part of article 4, chapter 28, Revised Statutes 1919, under which respondents proceeded to the formation of Drainage District No. 38, and said section is as follows:

"When any ditch or other improvement constructed under this act needs to be enlarged, cleaned out, obstructions removed therefrom, or new work done, twenty per cent of the owners of the land originally assessed for the construction of any such ditch or other improvement may file a statement, in writing, with the county clerk setting forth such necessity. Upon the filing of such statement, the clerk shall, if such statement is filed more than four weeks before the next regular term of court, set the same for hearing on the first day of the next regular term of the county court. If such statement is not filed more than four weeks before the first day of the next reg-

ular term of the county court, the clerk shall set the same for hearing for the first day of the term following the next regular term of the county court. After any such statement has been filed the county clerk shall cause to be published in four issues of some weekly newspaper published in the county, the last insertion to be before the day set for hearing such statement, the following notice.''

Following the section is the notice prescribed. Respondents made no pretense of proceeding under section 4513, but treated the petition as one under section 4478, Revised Statutes 1919, for the formation an establishment of a new district. The petition in form is such as is usual when petitioning for the establishment of a new district and is signed by 40 landowners in the proposed district. The specific objects sought are set out above. The preliminary report of the viewers and engineers eliminated ditch B mentioned in part 4 of the improvements described, supra. After eliminating ditch B from the proposed improvements the remaining improvements were confined by the petition to the reconstruction of ditches 2, 3, and 4 of old Drainage District No. 7. The petition calls for the reconstruction of ditch No. 2, asks that ditch No. 3 ''be deepened, widened, enlarged and reconstructed,'' and that ditch No. 4, ''be deepened, widened, enlarged and reconstructed.''

The original act authorizing the establishment of drainage of districts by the county court, sections 8278-8317, Revised Statutes 1899, in sections 8307 and 8308 thereof, provide that when any ditch constructed under the article needed cleaning out any land owner in the district might file with the county court a statement setting forth such necessity. After the statement was filed the county surveyor under instructions of the court estimated the amount of work required to clean out the ditch, and if the work was done the sum of money required was assessed *pro rata* according to the original assessment against all the lands in the district. In 1907, Laws 1907, p. 333, the manner of procedure to clean out and remove obstructions was changed, but the cost thereof remained against all the lands in the district, and was assessed *pro rata* according to the original assessment. In 1909, Laws 1909, p. 634-5, the act of 1907 was repealed and what is now section 4513 set out, supra, was enacted. It will be seen that section 4513 provides that when any ditch constructed under the article needs to ''be enlarged, cleaned out, obstructions removed therefrom or new work done, etc. Then follows in sections 4513 and 4514 the procedure required. The cost for doing the work, whatever it may be, whether enlarging, cleaning out, removing obstructions or doing new work, remains an assessment *pro rata* against all the lands in the district according to the original assessment.

Section 8278, Revised Statutes 1899, provided that county courts under certain conditions specified should have the authority "to cause to be constructed, straightened, widened, altered or deepened any ditch," etc. This section has come down without change so far as concerns the authority of the county court. Under this section as it was first enacted it was held in State ex rel. Marshal et al. v. Bugg et al., 224 Mo. 537, 123 S. W. 827, that the only manner in which the county court could cause to be reconstructed, straightened, widened, altered or deepened any ditch in a drainage district already established was to organize another and a new district embracing the same lands. After the occurrence of the events which gave rise to the case of State ex rel. v. Bugg, supra, the Legislature enacted what is now section 4513, supra, which provides for the enlarging, cleaning out, removing obstructions or doing new work upon existing ditches without the formation and establishment of a new district, and relators reason that the enactment of section 4513 supplied a defect in the original act and superseded all prior plans to improve upon existing ditches. This contention means that section 4513 by implication repealed that part of section 4477, Revised Statutes 1919, authorizing the establishment of new district, embracing the territory of a prior district, for the purpose of reconstruction, straightening, widening, altering or deepening ditches constructed in the old district.

If relators' construction of section 4513 should be adopted then all of the lands in the original Drainage District No. 7 would be assessed *pro rata* according to the original assessment in 1901 to pay for the improvements sought upon ditches 2, 3, and 4. And this would be the case regardless of benefits. Presumably no lands of Drainage District No. 7 will be benefited by the improvements sought in Drainage District No. 38 except those lands incorporated into Drainage District No. 38. There may be instances, and doubtless there are many, where the procedure under section 4513 may be invoked to advantage, but we are clear that the remedy there provided is not exclusive.

Repeals by implication are not favored and courts will if possible construe prior and subsequent related acts so as to make both effective. [State ex rel. Sturgeon v. Bishop, 195 Mo. App. 30, 189 S. W. 593; State ex rel. Waterworth v. Clark, 175 Mo. 95, 204 S. W. 1090.]

The petition on its face shows that the object sought was the establishment of a new district to reconstruct and improve ditches 2, 3 and 4 of old Drainage District No. 7, which is clearly authorized by the statute, section 4477, et seq., Revised Statutes 1919.

The judgment below quashing the writ should be affirmed and it is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.