AL WEAVER AND BRYAN HALL, APPELLANTS, v. J. W. BRYAN, RE-SPONDENT.*—35 S. W. (2d) 639.

In the Springfield Court of Appeals. Opinion filed February 23, 1931.

*Cope & Tedrick* for appellants.

*M. W. Henson,* for respondent.

COX, P. J.—Suit in replevin for possession of certain cattle. Trial by court upon an agreed statement of facts subject to objections as to competency thereof. The court found for defendant and plaintiffs appealed.

The ownership of the cattle was conceded to be in plaintiffs and they were entitled to the possession of the cattle unless defendant was justified in retaining possession by reason of the fact that he had found them running at large in Poplar Bluff Township in Butler county and had taken them up under a stock law supposed to have been adopted in Poplar Bluff and other townships at an election held therein at the general election in 1928. The sole question at issue is the legality of the stock law election in these townships.

At the election in 1928, the question of restraining cattle and other domestic animals in the townships of Beaver Dam, Epps, Poplar Bluff and Neely, in Butler county was submitted to the voters of those townships under section 4289, Revised Statutes 1919, section 12811, Revised Statutes 1929. A majority of the votes cast on the question in these townships were in favor of restraining said animals but those so voting did not constitute a majority of all the votes cast in those townships at that election.

The section of the statute under which this election was held as far as necessary to quote is as follows: "Whenever any one or more municipal townships in one body in one county in the State of Missouri that lie adjacent to or are divided by, any river . . ." An election could be called therein to vote on restraining domestic animals from running at large and if a majority of those voting on the question favored the restraint of the animals, it would put the law in force in those townships. The chief objections to the validity of the election are:

First: Epps township, one of those included, does not lie adjacent to, neither is it divided by any river.

Second: That in order to carry the question it must receive a majority of all the votes cast at the election and that was not the case at this election.

Third: That Beaver Dam township, one of those included, already had in force the law restraining domestic animals from running at large and for that reason, it could not be legally included and permitted to vote on the question.

The facts stated in these objections are conceded and it is contended by respondent that none of these rendered the election void. The agreed statement shows that prior to the institution of this action, other parties had instituted a *certiorari* proceeding in the circuit court of Butler county against the judges and clerk of the county court of that county requiring them to certify to the circuit court a copy of the records and proceedings of the county court in relation to this same election in an effort to quash the record. In that proceeding the circuit court adjudged the records sufficient and refused to quash it. It is now contended by respondent that the *certiorari* proceeding and judgment rendered therein is *res adjudicata* in this case and for that reason the validity of this election cannot now be adjudicated in this suit. If respondent be right in his contention that that judgment is binding on all the world and prevents a consideration of the question of the legality of this election in any other proceeding, then that would end this case. We do not think, however, that the judgment in that case binds any one except those who were parties to that proceeding. We see no reason why this case should not stand the same as any other as to that question and it is universally ruled that a judgment in any case only binds the parties thereto and their privies. The plaintiffs in this case were neither parties nor privies in that proceeding and were not bound thereby.

We shall now consider plaintiffs objections to the legality of this election in inverse order. Objection No. 3 is based on the contention that since Beaver Dam township already had adopted the stock law and it was then in force in that township, it could not be included and coupled with the other three townships in an election of this kind. This court has ruled against that contention in State ex rel. v. Bishop, 195 Mo. App. 30, 189 S. W. 593, and we still hold to that position. This holding also disposes adversely to appellants of a minor contention by them that since there are two incorporated towns in the territory which have ordinances restraining domestic animals from running at large that the votes of these towns could not vote at this election.

The second objection of appellants, to the effect that the proposition did not carry because there were not cast in its favor a majority of all those who voted in those townships at that election cannot be sustained. That is required in an election in three or more townships under section 4288, Revised Statutes 1919, section 12810, Revised Statutes 1929, but this election was held under section 4289,

Revised Statutes 1919, section 12811, Revised Statutes 1929, which expressly provides that a majority of those voting on the question is all that is required.

This brings us to the most serious question in this case which is stated in appellants' objection No. 1, to the effect that Epps Township, which was included in the group, does not lie adjacent to nor is it divided by a river. The appellants contend that section 4289, Revised Statutes 1919, section 12811, Revised Statutes 1929, the statute under which this election was held, applies to those townships which lie adjacent to or are divided by a river, only, and hence, in calling an election under that section, the county court could not include a township that did not lie adjacent to or was divided by a river. A consideration of the origin and progress of the legislation in this State on this question which culminated in the enactment of what is now section 4289, Revised Statutes 1919, section 12811, Revised Statutes 1929, will be of some help in determining the question now before us. The first law enacted by the Legislature of the State permitting a vote on the question of restraining domestic animals from running at large applied to counties as a whole. Later the law was amended so as to permit five or more townships in one body in a county to vote on the question without including the whole county. That has now been so changed that three or more instead of five may vote on the question. See section 4288, Revised Statutes 1919, section 12810, Revised Statutes 1929. The provision applying to townships that lie adjacent to a river was first enacted in 1887, Acts 1887, p. 20, in which it was provided that ''Whenever any one or more townships in one body in any county in the State of Missouri that lie adjacent to any river, when one-half or more of said townships or each of said townships are subject to overflow from said river,'' then an election could, upon proper petition, be called in those townships. This law would apply even though no other township in the county had adopted the law. It could be called in one township alone. It is clear from the language of that act that each township included in the territory in which the election was to be held must lie adjacent to a river and at least one-half of the area of each of said townships must be subject to overflow from said river. No township could be included that did not possess both these characteristics. The section was carried into the Revised Statutes of 1889 as section 365 and in the Revised Statutes of 1899 as section 4789 and thus it remained until 1905, Acts 1905, page 46, when the Legislature changed it to read as follows: ''Whenever any one or more municipal townships in one body in any county in the State of Missouri that lie adjacent to any navigable river.'' By that act the requirement of being subject to overflow from said river was omitted and the river to which they must lie adjacent was

restricted to navigable rivers but no intimation that any township could be included that did not lie adjacent to the river. This act was carried into the Revised Statutes of 1909 as section 785. No other change in the particular under consideration was made until 1919 where, as found in Acts 1919, page 150, the statute was so changed as to read as it now reads in section 4289, Revised Statutes 1919, section 12811, Revised Statutes 1929 heretofore quoted. It is clear to us that the original Act of 1887 would not permit the inclusion in the territory in which the election was to be held any township that did not lie adjacent to a river, neither do we think the language used in any subsequent amendment of the statute will extend its scope so as to cover such a township. This statute and another, which is now section 4290, Revised Statutes 1919, section 12812, Revised Statutes 1929, were intended to apply solely to townships affected by rivers and have no application to townships not situated as therein described. All other townships can only vote on the question either in bodies of three or more or the whole county as provided in other sections of the statute.

Our conclusion is that the election in question in this case was unauthorized by reason of the fact that the Township of Epps was included in the territory in which the election was held.

The judgment will be reversed and the cause remanded with directions to set aside the judgment entered for defendant and enter judgment for plaintiffs. *Bailey* and *Smith, JJ.,* concur.