STATE OF MISSOURI, EX REL., ROBERT JANSEN, RELATOR, APPELLANT,
v. CHARLES W. STATLER, GUS JAMES AND CHARLES W. MYERS,
JUDGES OF THE BOLLINGER COUNTY COURT, RESPONDENTS.—146
S. W. (2d) 853.

Springfield Court of Appeals.  December 31, 1940.

Rehearing Denied, January 27, 1941.

*Spradling & Strom* for appellant.

*Bryan A. Williams* and *Rush H. Limbaugh* for respondents.

SMITH, J.—We use, with slight alterations, the printed statement of respondents, which is as follows: ·

This is a proceeding in which the extraordinary writ of *certiorari* was used by the Circuit Court of Bollinger County to review proceedings by the county court of that county in causing a special election to be called and held in three townships of the county for the purpose of submitting the question of restraining domestic animals from running at large in such townships.

The proceeding on the writ was instituted in the name of the State of Missouri at the relation of an individual who claimed his right to apply for the writ on the ground that he was a resident taxpayer of Bollinger County and an owner of land and a dealer in cattle and other livestock in the townships where such election was held. The relator filed a bond for costs on the proceeding signed by himself and two sureties, which bond was approved by the court.

4

Thereupon the circuit court issued its writ of *certiorari* directed to the judges of the county court of Bollinger County, respondents named in the application for the writ, which writ recited that it had been made to appear to the circuit court of Bollinger County that the county court of that county had proceeded irregularly and in excess of its jurisdiction and contrary to the provisions of the statutes, in granting a special election in Wayne, Fillmore and Liberty townships in Bollinger County, Missouri, upon the petition therefor by certain named individuals.

The writ of *certiorari* directed respondents to send to the circuit court on a day named the petition for said special election, together with all proceedings pertaining to the same, as fully, completely and entirely as they are shown of record in the county court, together with the writ of *certiorari,* so that the circuit court could do whatever ought to be done.

Respondents filed their return, in which they admitted that the facts pertaining to the proceedings sought to be reviewed were correctly stated in the application for the writ, and in obedience to the writ respondents produced the papers and records in the proceedings which, by the writ, relator sought to have reviewed.

The allegations contained in the application for the writ, and as admitted by the return and shown by the evidence, were:

At a general election held on the 8th day of November, 1938, what is known as the stock law was duly and regularly adopted by the vote of the people of Bollinger County for the county as a whole.

Thereafter, on the 20th day of December, 1938, a petition was presented to the county court asking the court to call a special election for the purpose of submitting the question of restraining domestic animals from running at large in Fillmore, Liberty and Wayne townships in Bollinger County, Missouri, under the provisions of Section 12810, Revised Statutes of Missouri 1929.

The county court entered an order approving the petition and directing that the question of restraining animals from running at large in Fillmore, Liberty and Wayne townships in said county be submitted to the qualified voters of such townships for their approval or rejection at a special election to be held at the usual voting precincts in such townships on January 31, 1939, and that notice of such election be given and other preparations for the election be made as required by law.

At such special election duly held in the three townships named, the proposition submitted was overwhelmingly defeated, as shown by the certificate of the board of canvassers appointed to count the vote, following which the court ordered that the operation of the stock law was suspended in the three townships in which such special election was held.

Relator contends that after the people of a county as a whole regu-

larly adopt the stock law, three townships of such county cannot thereafter at a special election vote on whether or not such stock law shall be operative in such three townships, and that in causing a special election to be called and held in such three townships on that proposition the county court of Bollinger County proceeded without authority and beyond the scope of its jurisdiction, and that all of its acts in connection therewith are null and void.

On this issue the cause was submitted to the court, which, after reviewing the proceedings, found that relator was not entitled to the relief prayed, quashed the writ of *certiorari* and ordered the cause dismissed at the cost of relator. From this judgment and order the relator appealed to this court.

This case is presented to us under four assignments of error as follows:

I. "The County Court of Bollinger County was without right, authority or jurisdiction to entertain and assume jurisdiction of the petition for a special election for the purpose of suspending the provisions of the stock law in Wayne, Fillmore and Liberty Townships.

II. "The County Court of Bollinger County was without right, authority and had no jurisdiction to make the orders calling for such special election, the appointment of judges and clerks and the approval of said election.

III. "It was the duty of the trial court to have held that the special election was void and that the County Court had no right and authority to order said election, and for the court's failure to do so, it committed error. The court erred in overruling the motion for a new trial.

IV. "Under the facts shown in this case it was the duty of the trial court to grant the prayer of the petition for *certiorari* and, for its failure to do so, committed error."

The presentation of this case requires a review of the provisions of the statutes of this State with reference to the Stock Law.

This case comes under the provision of Article 6 of Chapter 88, Revised Statutes Missouri 1929 (Mo. Stat. Anno., page 3422). Section 12797 of this Article 6, at page 3423, provides that it shall be unlawful for any of the animals of the species of horse, mule, ass, cattle, swine, sheep or goat, to run at large outside the enclosure of the owner of such stock. Section 12804 of this article provides that the provisions of this article shall be suspended until a majority of the voters of any county, voting at a general or special election called for that purpose shall decide to enforce the same in that county.

It is conceded in this case that a majority of the voters in Bollinger County voting at a general election, on November 8, 1938, voted to

enforce the provisions of Section 12797 in Bollinger County. There is no question presented here as to the legality or illegality of the election held on November 8, nor is there any contention made that the provisions as to the Stock Law were not in every way placed into effect by that election and the publication of the results of that election. In other words, the law restraining the animals mentioned from running at large was in full effect and force when the petitioners within the three townships petitioned for a special election to be held for the three townships.

Reduced to its simplest form, the question for determination is whether or not the statute makes any provision for a county that has adopted the provisions of the law restraining stock from running at large, to then petition for another vote, or whether any three of the townships in such county may petition for and be allowed another vote upon such question?

We have been cited several cases where different provisions, as to what is commonly referred to as *the stock law*, have been discussed by the courts of this State. Among these cases are State ex rel. Browning v. Juden (Mo. App.), 264 S. W. 101; State ex rel. Sturgeon v. Bishop, 195 Mo. App. 30, 189 S. W. 593; Weaver v. Bryan, 235 Mo. App. 385, 35 S. W. (2d) 639; Wells v. Null, 208 Mo. App. 650, 235 S. W. 464; State ex rel. Rippee v. Forest, 177 Mo. App. 245, 162 S. W. 706. This last case gives a history of stock law legislation.

None of these cases are applicable to the facts in this case. So far as we can ascertain, none of the cases cited, nor have we found any, that are applicable to a case that is an attempt to set aside the stock law that has once been approved by the voters of a county. We are not unmindful of the vote of the people in the three townships involved in this proceeding. The vote being 85 for the stock law to 1368 against it. But as we read the statutory law, we find no statutory provision of any kind that provides for the repeal of the law in a county, or in any part of a county after the law has been approved as it admittedly was done in this case. If the people in these three townships should have relief from what they think is an unpopular law, their remedy is with the Legislature to obtain legislation along such lines.

Under the absence of statutory provisions, we are forced to the conclusions that the trial court exceeded his authority in this instance and that the judgment in this cause should be reversed.

It is ordered that this judgment be reversed and that the cause be remanded to the circuit court with directions to enter judgment for relator. *Tatlow, P. J.*, and *Fulbright, J.*, concur.