STATE OF MISSOURI at the Relation of R. WALSTON CHUBB, JOHN S. MARSALEK, ALBERT CHANDLER, CLAUDE O. PEARCY and WALDO C. MAYFIELD, being duly appointed, qualified and acting members of the Bar Committee for the Eighth Judicial Circuit of the State of Missouri, Relators, v. HON. EUGENE J. SARTORIUS, Judge of the Circuit Court for the Eighth Judicial Circuit, State of Missouri. —No. 38528.—175 S. W. (2d) 783.

Court en Banc, December 6, 1943.

1228

*Clifford Greve* for relators.

1230

*Wm. C. McLaughlin* for respondent.

CLARK, J.—Relators compose the Bar Committee, appointed by this court under our rule 36, for the eighth judicial circuit of Missouri. Respondent is one of the judges of that circuit and presides over division three thereof. On relators' petition we issued our writ of certiorari requiring respondent to bring up the record in a cause lately pending in his court entitled "In the Matter of Alvin F. Hackman". Respondent has made return and the cause is before us on respondent's motion to quash our writ and relators' motion to quash the record.

The record discloses that prior to June, 1941, Alvin F. Hackman was a licensed attorney; that, after a trial at the June term, 1941, on proceedings instituted and prosecuted by the Bar Committee, Hackman's license as attorney was suspended for a period of two years from June 12, 1941, the trial being conducted and judgment rendered by a predecessor of respondent as judge of division three of said court. At a subsequent term, on August 31, 1942, Hackman filed an application for reinstatement as a member of the bar; the respondent took the application under advisement and, on October 5, 1942, entered an order reciting "the court having seen and examined and duly considered the verified application . . . and being sufficiently advised thereof doth order that said application for reinstatement be and the same is hereby sustained and that said Alvin

F. Hackman be and he is hereby reinstated as an attorney and counselor at law in the State of Missouri''; within four days thereafter and at the same term of court the Bar Committee filed a motion to set aside the order of reinstatement and for a rehearing, which motion was overruled by respondent on February 24, 1943.

From the motions of the respective parties we condense the issues in this court as follows: (1) The time of Hackman's suspension having expired and he being now entitled to practice law without a reinstatement, has the validity of his reinstatement become a moot question? (2) Was the [785] order granting reinstatement, without a trial and without notice to the Bar Committee, in excess of respondent's judicial discretion?

█ In a case such as this where the issue was a live one at the time our writ issued, and the question as to whether or not it has become moot arises only because of the lapse of time consumed in effecting its final submission to this court, we have the undoubted discretion to determine whether or not we will decide the case on the merits. [State ex rel. v. Trimble, 254 Mo. 542, 163 S. W. 860; State ex rel. v. Duncan, 333 Mo. 673, 63 S. W. (2d) 135; State ex rel. Donnell v. Searcy, 348 Mo. 1052, 152 S. W. (2d) 8.] The instant case involves an interpretation of our own rules for the discipline and government of the Bar and the extent of power and duty of a committee appointed by us to enforce those rules. Its importance is not to be measured alone by the effect it may have on the persons mentioned in the record. It is a question of great general importance, likely to recur, and which our duty impels us to decide for the future guidance of the courts, the Bar Committees and the members of the legal profession.

█ Respondent contends that the order of reinstatement is fully authorized by Section 13336, Revised Statutes Missouri 1939, [Mo. R. S. A., p. 358, vol 24.] which section reads as follows:

''Every final judgment or order of removal or suspension, made in pursuance of the provisions of this chapter by any court so authorized, shall operate, while it continues in force, as a removal or suspension from practice in all the courts of this state: Provided, that any attorney or counselor at law removed from practice or suspended for a longer term than one year, on application to the supreme court or in the court in which the judgment of removal or suspension was first rendered, may be reinstated as such attorney or counselor at law, in the discretion of the court, at any time after one year from the date of such judgment of removal or suspension.''

Relators take the position that the above quoted section has been superseded by our rule number 36, and, if not superseded, that the statute does not contemplate that the judge shall proceed without notice, without evidence, and without a trial.

Section 13336 is a part of Article 93 consisting of sections 13313 to 13338, both inclusive, Revised Statutes Missouri 1939. [Mo. R. S. A.,

pp. 324-402, vol. 24.] Those statutes, enacted long prior to the promulgation of our rule 36, define the practice of law, provide for licensing attorneys, prescribe penalties for practicing law without first obtaining a license, define certain causes for which an attorney may be removed or suspended from practice, and prescribe the venue and mode of procedure for trials of charges against attorneys for professional misconduct. Section 13329 provides that such charges may be preferred by any member of the bar in good standing or by any judge of a court of record.

In 1934 the supreme court of Missouri promulgated rules 35 and 36. Rule 35 adopted as binding on all attorneys the Code of Ethics of the American Bar Association. Rule 36 provides for the appointment of a General Chairman of Bar Committees, an Advisory Committee and Circuit Bar Committees. It provides in great detail for the institution and prosecution of complaints against members of the bar and persons charged with practicing law without license. It gives the Committees power, with or without formal complaint, to investigate in a summary and informal manner any charge of professional misconduct. If upon such investigation the committee finds reasonable cause to believe the accused guilty, it shall cause a formal hearing to be held, notify the accused and take and preserve the evidence. Upon the formal hearing, if the committee finds there is no probable cause to believe the accused guilty, it shall dismiss the complaint; if it finds such probable cause, it shall file charges in a circuit court or in one of the courts of appeal or supreme court. The form of complaint and summons and manner of trial are specified. It is provided that the committee or one or more of its members shall become the prosecutors; the trial shall be to the court, without a jury and conform, as nearly as may be, to proceedings for extraordinary legal remedies; and either the committee or the accused is entitled to seek a review in the supreme court.

A comparison will show that our rules go much further than the statutes in specifying the causes for disbarment or suspension of attorneys and provide in greater detail the procedure to be followed. In some respects our rules may be in actual conflict with the statutes, a point which we need not here decide.

 Many cases have been cited to us on the nature and extent of the rule-making power of the courts, and the distribution of power as between the legislative and judicial departments of the state. A collection of those cases may be found in an exhaustive and instructive article by Professor Tyrrell Williams in 22 Washington University Law Quarterly, beginning on page 459, also in several cases decided by this court, particularly In the Matter of Richards, 333 Mo. 907, 63 S. W. (2d) 672, and Clark v. Austin, 340 Mo. 467, 101 S. W. (2d) 977. The doctrine announced and approved by a majority of this court in the last mentioned case may be summarized as follows: courts have

the paramount or exclusive right to regulate the practice of law so far as necessary for their protection in carrying out their constitutional functions; but the legislative department, in the exercise of the police power, may enact laws on the subject which will be valid unless they unreasonably encroach upon the power of the courts. [340 Mo. l. c. 496, 7.]

Measured by the standard set forth in Clark v. Austin we see no reason to hold section 13336 invalid and, indeed, its constitutionality is not clearly attacked in the instant case. Our rules do not specifically provide the procedure for reinstatement of a suspended or disbarred attorney, nor does the statute touch the question except as to the time for the application and the courts in which it must be filed.

■ However, neither our rules nor the statute expressly authorize a court to grant such reinstatement without the hearing of evidence. Whether it is an abuse of judicial discretion for a court to grant reinstatement without notice to our Bar Committee and the hearing of evidence, depends upon the nature of the proceeding as affected by our rules. In Thornton on Attorneys at Law, 1914 Ed. Vol. 2, page 1280, section 865, speaking of the general nature of disbarment proceedings and procedure to be followed in the absence of special statutes or rules, it is said: "The action of a court in exercising its power to disbar an attorney is judicial in character; but the inquiry made is in the nature of an investigation into the conduct of one of its own officers, and not the trial of an action or suit, and the order entered is but an exercise of the disciplinary jurisdiction which it has over such officers". Again, at page 1337, section 903, the same author says: "The procedure prescribed by general statutes for a new trial or rehearing does not apply to an application by a disbarred attorney for reinstatement; nor is such an application restricted to procedure in the nature of a bill of review or other equitable or common-law remedies, since neither the original nor the appellate power of the court in respect to its statutory or common-law or equity jurisdiction is exclusively invoked". In the case of In the Matter of Richards, 333 Mo. l. c. 916, we quote with approval the following: "The proceeding to disbar an attorney is neither a civil action nor a criminal proceeding, but is a proceeding *sui generis,* the object of which is not the punishment of the offender, but the protection of the court". One of our statutes above mentioned, section 13329, authorizes a proceeding to disbar an attorney to be initiated by any member of the bar in good standing or by any judge of a court of record. Before our rule 36 was adopted, such a proceeding initiated by a member of the bar would have been filed in some court, after leave obtained, and the informant would not have become the prosecutor, but would have stood more nearly in the relation of a prosecuting witness. Ordinarily the court would have appointed counsel to act in the matter as *amici curiae.* Whether rule 36 modifies the statutes to the extent of provid-

ing an exclusive method of instituting disbarment proceedings, we need not decide. The rule certainly does provide an exclusive mode of procedure for all such proceedings as are initiated by or submitted to the Bar Committee, as the proceeding against Hackman was. As to such a matter so initiated or submitted the Committee is given power to file the charges, prosecute the same in the trial court and, if necessary, seek a review in the supreme court. It is provided that the trial shall conform, as nearly as may be, to proceedings for extraordinary legal remedies. We think the rule gives the Committee such a substantial interest in, and control over, the prosecution of disbarment charges as to make it a party to the cause and to entitle it to notice and an opportunity to be heard upon an application to set aside the judgment of disbarment or suspension. True, an action for reinstatement of an attorney differs from an action to set aside an ordinary judgment in that it is not based upon error in procuring the judgment of disbarment or suspension, but upon matters occurring since the judgment [787] was rendered. Even so, it is important to investigate the subsequent conduct of the applicant, his character, his attitude toward the court and whether he is a proper person to be entrusted with the privileges of the office of attorney. Our rule 36 designates the Bar Committee as a proper official body to make such investigation. In State ex rel. Clark v. Shain, 343 Mo. 542, 122 S. W. (2d) 882, we held that our rules 35 and 36 have the force and effect of a decision of this court and, of course, they are binding on all other courts of the state.

In the instant case respondent had jurisdiction to entertain Hackman's application for reinstatement as an attorney, but he could exercise jurisdiction only in conformity to our rules. He exceeded his jurisdiction by sustaining Hackman's application without giving notice and hearing testimony, and especially in overruling the timely application for a hearing by the Bar Committee which had prosecuted the charges against Hackman.

Accordingly, the record in said cause is hereby quashed. All concur.