STATE OF MISSOURI at the Relation of K. L. McMONIGLE and ALVA RICHARDSON, Relators, v. W. C. SPEARS, Presiding Judge, and CLYDE L. ROBINSON and CLAUDE L. PETERSON, Constituting the County Court of Stone County, Missouri, and HAROLD CRUMPLEY, Clerk of the County Court of Stone County, Missouri, Respondents.—No. 41095.—213 S. W. (2d) 210.

Court en Banc, August 19, 1948.

24

*Gideon* & *Mahankey* for relators.

*Arch A. Johnson,* for respondents.

[211] ELLISON, J.—*Prohibition.* The case involves our statutory "stock law", enforced in specified territorial units of the state on a local option basis. The two relators are householders and legal voters of James township in Stone county. The respondents are three judges and the clerk of the county court of the county. That court has ordered a special election in James township under Sec. 14470a, Laws Mo. 1947, p. 28, on the question whether domestic animals shall be *permitted* to run at large therein. Last May a similar special election was held in the same James township and two others adjoining, as a *unit,* under Sec. 14476,[1] on the question whether domestic animals should be *restrained* from running at large in the whole unit, and the proposition carried.

Relators assert the respondent county judges by the contemplated special election here assailed, are attempting to enable James township to "secede from the union" of those three townships established at

[1] All references to our statutes are to R. S. Mo., 1939 and same section numbers in Mo., R. S. A. unless otherwise indicated.

the May election. They maintain the recently enacted Sec. 14470a, supra, as written, does not authorize it; but they chiefly insist the statute is void because violative of Art. III, Sec. 23, Const. Mo. 1945, in that the bill by which it was enacted contains more than one subject, which is not clearly expressed in the title—in consequence of which the respondent county judges have no jurisdiction since the purported statute under which they are acting is legally nonexistent.

On the other hand respondents say the title of the Act is general, and sufficiently broad to cover the provisions invoked here. They further assert the new Sec. 14470a provides procedure which is available in this instance. And finally they charge that the question is res judicata, because relators brought an injunction suit in the circuit court of Stone county against respondents to restrain them from holding the election under the new statute, which suit the circuit court dismissed on motion, on the ground that relators' petition failed to state a claim upon which relief could be granted.

Before proceeding to the merits, three preliminary or collateral matters should be considered. First, the parties have filed a stipulation waiving a return to our writ, and asked that the cause be submitted on the relators' petition and suggestions and respondents' suggestions in opposition, without formal setting and waiving oral argument. The stipulation requests an early decision of the controversy, on the ground that the public interest is involved because the enforcement of the stock law is hampered. On that showing we shall waive our rules and proceed as far as warranted. Mansur v. Morris, 355 Mo. 424, 425(1), 196 S. W. (2d) 287, 289(1).

Second, relators' petition for our preliminary writ, and the suggestions of the parties pro and con, were filed here on July 1, but the writ was not issued until our next conference, on July 12. In the meantime the date for the called election, July 6, 1948, had passed. Nevertheless, in view of the public importance of the question raised, and since the election defaulted because of the pendency of the cause here, we shall not treat the issues as moot. State ex. rel. Conran v. Duncan, 333 Mo. 673, 681(5,6), 63 S. W. (2d) 135, 138(5,6); State ex rel. Chubb v. Sartorious, 351 Mo. 1227, 1231(1), 175 S. W. (2d) 783, 785(1).

Third. On the question of res judicata. The prior injunction suit brought by relators [212] against respondents presented the same issues as here except the constitutional question, which was not raised. The circuit court dismissed it on respondents' motion, on the ground that the petition failed to state a claim upon which relief could be granted. Relators did not ask leave to amend their petition under Sec. 81 of the Civil Code, Laws Mo. 1943, p. 378, Sec. 847.81 Mo. R. S. A. Neither did they dismiss the suit voluntarily with prejudice under Sec. 99 of the Code, or appeal. Under Sec's. 59, 61, 62 of the Code the dismissal of a suit on a defendant's motion

of the above character is equivalent to the sustention of a demurrer under the former practice, and under Sec. 101 constitutes a dismissal with prejudice, operating as an adjudication upon the merits. On these facts is the instant prohibition suit barred under the doctrine of res judicata?

There are several cases on this point.[2] The Custer case held the doctrine applied where a demurrer had been sustained to a petition on the ground that it failed to state a cause of action, and after an ineffectual appeal the plaintiff had brought another suit on substantially the same petition. It was said there that the bar applies not only to issues tried under the first petition, but also to every issue which came within its purview, thus apparently limiting the scope of the bar to issues within the spirit and intendment of the former *pleading*. The Gott and Powell cases go further and extend the bar to claims which might have been litigated in the original *cause of action*. Here, the constitutional question was not within the purview of the petition filed in the circuit court in the injunction suit, but could have been raised as a part of the cause of action. And it was relators' duty to do so at the first opportunity, and keep the question alive. State ex rel. Wallach v. Oehler, 348 Mo. 655, 154 S. W. (2d) 781.

In the Powell case, supra, certain plaintiffs brought an injunction suit to restrain the City of Joplin from exercising municipal authority over annexed territory, partly on constitutional grounds both State and Federal. Prior thereto other plaintiffs had brought a similar Schildnecht suit as a class action for themselves and others similarly situated. It was based on statutory grounds, and raised no constitutional questions. The Powell case held the constitutional issues presented therein were res judicata because they could have been raised in the Schildnecht suit, and added that this was especially true because the public interest was involved, since otherwise the City might be exposed to a multiplicity of suits by various individuals.

On the other hand, the public interest sometimes calls for an opposite conclusion, and we may decide constitutional questions even *ex mero motu* where matters of public concern are involved.[3] Here, they were not raised in the prior circuit court case and it was not a class action. The statute is new, and the respondent judges

---

[2]Custer v. Kroeger, 313 Mo. 130, 142-3(4, 5), 280 S. W. 1035, 1037(5, 6), 44 A. L. R. 1328; State ex rel. Gott v. Fid. & Dep. Co., 317 Mo. 1078, 1088b, 1092c, 298 S. W. 83, 87(3), 90(13); Powell v. City of Joplin, 335 Mo. 562, 571(3), 73 S. W. (2d) 408, 412(3-5); See also Annotations: 13 A. L. R. 1104; 106 A. L. R. 437.

[3]Ex parte Bass, 328 Mo. 195, 201(9), 40 S. W. (2d) 457, 459(4); State ex rel. Conran v. Duncan, supra, 333 Mo. l. c. 681(6), 63 S. W. (2d) l. c. 138(8); State ex rel. State Bldg. Comn. v. Smith, 336 Mo. 810, 813(2), 81 S. W. (2d) 613, 614(2); K. C. Pr. & Lt. Co. v. Carrollton, 346 Mo. 802, 815(1), 142 S. W. (2d) 849, 855(14).

need guidance. Whether they do or do not enforce the statute they may be subjected to a multiplicity of suits—the very thing sought to be avoided in the Powell case. Both sides have agreed to a prompt submission of the cause, and under the Conran case just cited[3] we feel that in the public interest we should decide the constitutional question.

Returning to the merits. The controverted Sec. 14470a, Laws Mo. 1947, p. 28, is an amendment of Sec. 14470a, Laws Mo. 1945, p. 106, a new statute. The Act by which it was adopted contains a single section, [213] and the amendment consists merely of the addition of one clause at the end, shown below in italics. We also italicise the preceding words "or article" and "any townships" for convenient reference hereafter. The title and text of the Act are as follows:

"AN ACT to amend Section 14470a of an Act of the 63rd General Assembly known as House Bill No. 134, approved July 21, 1945, relating to domestic animals and other animals, and animals restrained from running at large, on Page 2, Line 18, by changing the period to a comma and adding the following: 'notwithstanding the county or township has theretofore voted to restrain animals from running at large.'

"Be It Enacted By The General Assembly of The State of Missouri, as follows:

"SECTION 1. That Section 14470a of an Act of the 63rd General Assembly known as House Bill No. 134, approved July 21, 1945, relating to domestic animals and other animals, and animals restrained from running at large, be and the same is hereby amended on Page 2, Line 18, by changing the period to a comma and adding the following: 'notwithstanding the county or township has theretofore voted to restrain animals from running at large.', so that said section as amended shall read as follows:

"SECTION 14470a.[4] Whenever two or more townships in one body in any county in the State of Missouri, by petition of one hundred householders, not less than ten of whom shall be from any one of said townships, petition the county court for the privilege to vote on the question of restraining horses, mules, asses, cattle, goats, swine and sheep from running at large, the same law governing counties is hereby applied to said townships, and said petitioners shall not be debarred the right to restrain said animals if a majority of the qualified voters of said townships, voting at any general or special election, shall vote in favor of so restraining such animals. Nothing in this section shall be so construed as to debar the right of restraining any two or more species of such animals: Provided, however, that nothing in this section *or article* shall be construed to

---

[4]The full section is shown in Laws Mo. 1947, p. 28 as 11470a, but the correct number is 14470a, as shown in the original bill on file in the Secretary of State's office.

prevent the petitioning for and holding of an election to permit animals to run at large in *any township or* townships that have voted to restrain said animals from running at large, *notwithstanding the county or township has theretofore voted to restrain animals from running at large.*"

We are unable to agree with relators' contention that the subject matter of the bill is not clearly expressed in the title. The title and the enacting clause say the Act amends the 1945 statute by changing the period at the end to a comma, and adding thereafter a clause which is set out in quotation marks. Then the bill sets out the whole section as amended. Thus the exact change made by the amendment is clearly shown. The title of the 1945 Act was general— to amend the whole Art. 6, Chap. 103, by the addition of the new statute ''relating to the same subject.'' It did not mention the proviso therein, but this was unnecessary since the proviso was germane to the general subject. While a proviso ordinarily operates merely as a restraint on the enacting clause, it may enlarge it where that intent is apparent.[5] Furthermore it is well settled that an amendatory Act may refer merely by section number to the statute to be amended, if the subject of both be the same.[6] In these circumstances, the title of the 1945 Act continued to be the title of the amended 1947 Act, and the constitutionality of the latter is to be adjudged thereby. Sherrill [214] v. Brantley, 334 Mo. 497, 502(1), 66 S. W. (2d) 529, 530(1) ; Downey v. Schrader, 353 Mo. 40, 41(1), 182 S. W. (2d) 320, 321(1).

Relators next contend the subject matter of the 1947 Act is double; that it does not amend but repeals the stock law, which fact is not disclosed in the title. Before going into that we must refer briefly to the history of this and kindred legislation. Art. 6, Chap. 103, R. S. 1939, deals with the general subject of ''Animals Restrained From Running At Large.'' Sec. 14463 broadly provides that domestic animals shall not be permitted to run at large. Sec. 14470 suspends the operation of the Article in the several counties of the state until a majority of the legal voters of the respective counties have voted to enforce the law therein. From time to time new sections have been added permitting a vote on the question in *parts* of counties. Sec. 14476 permits this in three or more townships in one body and county on petition of 100 householders; Sec. 14477, in one or more townships in one body and county, adjacent to or

---

[5]50 Am. Jur., p. 167, Sec. 188; 59 C. J., p. 1090, Sec. 641(c); State v. Ward, 328 Mo. 658, 665(3), 40 S. W. (2d) 1074, 1076(3).

[6]State ex rel. Faust v. Thomas, 313 Mo. 160, 166(3), 282 S. W. 34. 36(5); State ex rel. Mo. Pac. Ry. Co. v. Danuser, 319 Mo. 799, 804(1), 6 S. W. (2d) 907, 909(1); State ex rel. Crain v. Moore, 339 Mo. 492, 495(1), 99 S. W. (2d) 17, 19(2).

divided by any river, on petition of 10 householders; Sec. 14478, in either part of a single township crossed by a navigable stream, on petition of 25 householders; Sec. 14479, in five or more townships in one body and county, which have already adopted the law, when five or more adjoining townships in the same or an adjoining county desire to join with the first five in coming under the law, on petition of 25 householders.

The effect of this was that when two or more townships voted as a unit, the favorable votes in one or more might override the negative votes in the others. And sometimes the disappointed voters of minority townships would attempt thereafter to hold a separate election and vote against the law. It has been held twice by the Springfield Court of Appeals, in whose district most of these cases arise, that the voters cannot do that. The first case was State ex. rel. Browning v. Juden, 264 S. W. 101, decided in 1924. That case arose under Sec. 14479, the five township section, supra, which contains a proviso exactly like that appearing in the 1945 version of Sec. 14470a, except that the words "or article" and "any township or", which we have italicised in setting out the statute above, were omitted. The Court of Appeals opinion construed the statute as meaning two townships could not vote themselves out of a five township unit because it would produce a confusing and unjust result by attrition.

The second case, State ex rel. Jansen v. Statler, 146 S. W. (2d) 853, decided in 1941, was one where a whole county had adopted the stock law under Sec. 14470, supra, and three townships thereafter attempted to vote themselves out later the same year under the three township section, Sec. 14476, supra. That section contains no provision of any sort like the proviso in Sec. 14470a, supra, under either the 1945 or 1947 version thereof. On that ground alone the opinion held the three townships could not vote to withdraw; that there was no statutory provision for a "repeal" of the stock law; and that the complainants would have to look to the Legislature for relief.

In response to that, evidently, the Legislature adopted the 1945 and 1947 versions of Sec. 14470a, applicable to two or more townships in one body in one county. In the proviso of the 1945 Act it added the words "or article" and "any township or", which we have italicised in setting it out above. This had the effect of excluding from consideration anything said elsewhere in the whole article, as bearing an implication against the proviso. And it further excluded the construction put on the statute in the Browing case, that two townships could not vote to permit stock to run at large if they had previously voted to restrain the stock. Following that the 1947 Act added the intensive clause that the foregoing was true

notwithstanding the county or township had previously voted the opposite way.

Relators obviously have seized on the word "repeal" used in the Jansen case, supra, as the basis for their contention that the 1947 Act does not amend but repeals the stock law, and that this is a different subject matter not disclosed by the title. We do not agree. The amendment is not a repeal. It does give the voters of any [215] township or townships that have already voted to restrain live stock the option thereafter to petition for and have an election on the question whether such animals shall be permitted to run at large. But it does not repeal the law, which continues as before, subject to that option.

Finally, relators contend the proviso in the 1947 version of Sec. 14470a, is unworkable; that it does not provide what kind of a petition is necessary for the election, or what notice must be given, or how many signers there must be on the petition for the election. But even though the statute is unworkable, that does not raise a constitutional question, or furnish a basis for our interference by prohibition. Nevertheless we have in rare instances held that notwithstanding our preliminary writ was improvidently issued, still we would pass on questions of mere error since the case was here. State ex rel. Dunlap v. Higbee, 328 Mo. 1066, 1070(1), 43 S. W. (2d) 825, 826(2); State ex rel. Nickerson v. Rose, 351 Mo. 1198, 1202(2), 175 S. W. (2d) 768, 771(2); Kyger v. Koerper, 355 Mo. 772, 776(3), 197 S. W. (2d) 946, 947(2).

We think the statute is not unworkable. It should be construed as a whole. The earlier part of it requires the petition for the adoption of the stock law in two or more townships in one body in a county to be signed by 100 householders. Further down it says "the same law governing counties is hereby applied to" petitioning townships. And Sec. 14471, the county unit law, also provides that for the holding of an election for the adoption of the stock law in a county, the petition shall be signed by 100 householders. Subsequent sections provide for the giving of notice and the form of the ballot. The inference is that the same procedure shall be followed under the proviso where one or more townships that had previously adopted the stock law in a subsequent election seek to abandon it. That being true, while Sec. 14470a is not unconstitutional on the grounds assigned, still relators' petition to the county court does not justify respondents in calling the election because it has only 51 signers instead of 100.

For these reasons our preliminary writ of prohibition heretofore issued is made absolute.

All concur except *Hyde, J.,* who concurs in result, but does not believe that one township can vote separately on nonenforcement of stock law after it has voted jointly with others to enforce it.