231 S.W.2d 170 (1950)
ANDERSON
v.
KANSAS CITY BASEBALL CLUB.
No. 41820.
Supreme Court of Missouri, Division No. 1.
July 10, 1950.
Alfred Kuraner, Irving Kuraner, Kuraner & Kuraner, all of Kansas City, for appellant.
John J. Alder, Herman M. Swafford, Kansas City, for respondent.
*171 ASCHEMEYER, Commissioner.
Defendant's motion to dismiss plaintiff's first amended petition was sustained unless plaintiff filed an amended petition within twenty days. Plaintiff having failed to plead further within the time allowed, a judgment was entered dismissing the cause. This was a dismissal with prejudice and constitutes a final judgment from which an appeal may be taken. Laws 1943, p. 385, Sec. 101, Mo.R.S.A. § 847.101; State ex rel. McMonigle v. Spears, 358 Mo. 23, 213 S.W. 2d 210; Husser v. Markham, Mo.App., 210 S.W.2d 405. The petition prayed damages in the amount of $10,000.00. Jurisdiction is in this Court because of the amount involved.
The petition alleges that plaintiff attended a baseball game on September 5, 1947, at the premises operated by defendant; that she was directed to a seat in the stadium by one of defendant's employees; and that, while seated in the stadium, she was struck by a baseball which was driven with great force as a result of which she sustained certain injuries and incurred medical and hospital expense.
The petition charges the following acts of negligence:
"4. Plaintiff states that her said injuries were caused by the negligence of defendant, its agents, servants and employees in that defendant knew or in the exercise of reasonable care should have known that in the game of baseball there exists a constant hazard that balls may be driven into the seats occupied by spectators and inflict upon the spectators great bodily harm; that although plaintiff was wholly unaware and ignorant of such hazard the agents, servants and employees of the defendant seated her in a portion of the grandstand unprotected by wire screen or otherwise and in so doing were negligent in not adequately warning her of such hazard or providing screens or other safeguards.
"5. Plaintiff further states that defendant was negligent in that when she first entered the stadium, she occupied a seat behind a protective wire netting; that thereafter an usher, acting in the course and scope of his employment stated to her that she would have to move because the seat occupied by her was reserved; that she then asked where an unreserved seat was available and the said usher pointed one out to her some distance away; that plaintiff asked if it was safe to sit there since the said seat was unprotected by a wire netting; that the usher, acting as aforesaid then stated it was safe and that hundreds of people sat there every day. Plaintiff states that she relied upon said assurance of safety and occupied said seat, and was thereafter injured as aforesaid."
The question presented upon this appeal is whether the petition states sufficient facts to constitute a claim against the defendant. At the outset, defendant insists that its motion to dismiss the petition was properly sustained because the petition fails to state any facts from which it may be inferred that plaintiff was an invitee upon defendant's premises and not simply a licensee; and that the allegations concerning the unawareness of plaintiff of being struck by balls driven into the spectators' seats and the assurance of safety given to plaintiff are conclusions of the pleader and not allegations of constitutive facts which are admitted by the motion to dismiss. In view of the conclusion we have reached concerning the insufficiency of the petition, it is not necessary to discuss or decide these contentions. For the purpose of this opinion we shall assume that plaintiff was a business invitee upon the premises of defendant and that the petition alleges facts and not merely conclusions of the pleader.
Defendant urges that the decision of this Court in Hudson v. Kansas City Baseball Club, 349 Mo. 1215, 164 S.W.2d 318, 142 A.L.R. 858, is decisive and controlling. We there said, 164 S.W.2d 318, loc. cit. 320:
"The rules as developed and applied to places of public amusement and upon which the parties here rely, whether as to the condition of the premises or the activity being carried on there, are neither more nor less than the usual rules of liability applicable to the possessor of land and his business invitee. `A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by *172 the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and (b) has no reason to believe that they will discover the condition or realize the risk involved therein, and (c) invites or permits them to enter or remain upon the land without exercising reasonable care (1) to make the condition reasonably safe, or (2) to give a warning adequate to enable them to avoid the harm.' 2 Restatement, Law of Torts, Sec. 343; Brown v. Davenport Holding Co., 134 Neb. 455, 279 N.W. 161, 118 A.L.R. 425; J. C. Penny Co. v. Robison, 128 Ohio St. 626, 193 N.E. 401, 100 A.L.R. 710; 58 A.L.R. 136; Law v. Morris, 102 N.J.L. 650, 133 A. 427, 46 A. L.R. 1111; Markman v. Fred P. Bell Stores Co., 285 Pa. 378, 132 A. 178, 43 A.L.R. 866; 33 A.L.R. 181. Conversely and as applied to a place of public amusement as well as to a place of business `the invitor is not an insurer of the safety of the invitee; neither is the invitee protected against all hazard, nor relieved of all duty to himself for his own safety. And to the extent that the duty of self-protection rests upon the invitee, the duty of the invitor to protect is reduced. The extent of these relative duties depends upon many factors involving the capacity and opportunity of the invitor to protect the invitee and the capacity and opportunity of the invitee to protect himself.' Ivory v. Cincinnati Baseball Club Co., 62 Ohio App. 514, 518, 24 N.E.2d 837, 839."
In the Hudson case, plaintiff alleged that he was struck and injured by a foul ball while occupying a seat which was not protected by wire netting. He alleged that he intended to occupy a seat which was so protected and, because he had bought a reserved seat, was under the impression that he was seated behind the wire netting and his eyesight was not sufficiently acute to reveal the absence of protective netting before he was injured. The negligence charged was: failure to protect the place where plaintiff was seated with wire netting; offering for sale seats without notice to the public that some seats were protected and others were not protected by wire netting; offering for sale reserved seats, some of which were protected and others not protected, thus creating the impression that all reserved seats were protected; that defendant gave plaintiff the impression the seat he bought was in the protected section of the grandstand without notifying him to the contrary; and that defendant, through its usher, seated the plaintiff, a person of advanced years, in an unprotected reserved seat without notifying him of the absence of protective wire netting.
In holding that the petition failed to state a cause of action, we decided: that where a baseball game is being conducted under the customary and usual conditions prevailing in baseball parks, it is not negligence to fail to protect all seats in the park by wire netting; and that the special circumstances and specific negligence pleaded did not aid plaintiff or impose upon the defendant a duty to warn him against hazards which are necessarily incident to baseball and are perfectly obvious to a person in possession of his faculties.
Plaintiff argues that, in the Hudson case, plaintiff was a frequent spectator at baseball games and was quite familiar with the risks involved and that the instant case differs in two respects: (1) plaintiff was unaware of the hazards of the game and (2) defendant gave her an assurance of safety. Plaintiff argues further that the basis of defendant's liability is its superior knowledge of the hazards of the game relying, in this connection, upon the principles stated in Sec. 343 of the Restatement of Torts (2 Restatement, Law of Torts, Sec. 343) which was quoted with approval by this Court in the Hudson case and is contained in the excerpt from our opinion in that case which we have previously quoted. This rule emphasizes the duty of a proprietor of land to remedy or to warn an invitee of conditions which involve an "unreasonable risk" to such invitees where the proprietor has actual or constructive knowledge of such conditions. Obviously, there is no duty on the proprietor to warn invitees concerning conditions which do not involve "an unreasonable risk to them."
Where a baseball game is conducted under the usual conditions customarily prevailing in baseball parks, it is not *173 necessary that all seats be screened against the hazard of driven balls. The obligation to exercise ordinary care to provide a place which is reasonably safe for spectators is fulfilled when those portions of the stands which are most frequently subject to the hazard of foul balls are screened and when screened seats are provided for as many as may reasonably be expected to desire to use them. Hudson v. Kansas City Baseball Club, supra; Brummerhoff v. St. Louis Nat. Baseball Club, Mo.App. 149 S.W.2d 382; Crane v. Kansas City Baseball & Exhibition Co., 168 Mo.App. 301, 153 S.W. 1076; Keys v. Alamo City Baseball Co., Tex.Civ. App., 150 S.W.2d 368; Brisson v. Minneapolis Baseball & Athletic Ass'n, 185 Minn. 507, 240 N.W. 903. Indeed, it has been recognized that many spectators prefer seats which are not screened in order that they may have a better view of the game. Grimes v. American League Baseball Co., Mo.App., 78 S.W.2d 520, 523; Keys v. Alamo City Baseball Co., Tex.Civ.App., 150 S.W.2d 368, 370. All of the cases cited here and many others which are cited in Hudson v. Kansas City Baseball Club, supra, emphasize that when due care has been exercised to provide a reasonable number of screened seats, there remains a hazard that spectators in unscreened seats may be struck and injured by balls which are fouled or otherwise driven into the stands. This risk is a necessary and inherent part of the game and remains after ordinary care has been exercised to provide the spectators with seats which are reasonably safe. It is a risk which is assumed by the spectators because it remains after due care has been exercised and is not the result of negligence on the part of the baseball club. Hudson v. Kansas City Baseball Club, supra; Edling v. Kansas City Baseball & Exhibition Co., 181 Mo.App. 327, 168 S.W. 908, 910. It is clearly not an unreasonable risk to spectators which imposes a duty to warn. 2 Restatement, Law of Torts, Sec. 343.
There are no special circumstances alleged in the petition in the instant case which imposed upon defendant a duty to warn plaintiff against the dangers necessarily incident to the game she was attending and which did not result from negligence on the part of defendant. The petition does not allege the position of plaintiff's seat in the stands nor at what stage of the game the accident occurred. The danger of balls being fouled into the stands is open and obvious to any one who possesses normal powers of observation. A knowledge of the rules or strategy of the game is not necessary to a realization of such hazard. Plaintiff does not allege that she communicated to defendant her unawareness of the dangers involved in sitting in an unscreened portion of the stands. "It would have been absurd, and no doubt * * * resented by many patrons, if the ticket seller, or other employees, had warned each person entering the park that he or she would be imperiled by vagrant baseballs in unscreened areas. And yet that would have been defendant's duty, if plaintiff's contention is sound. We overrule that contention." Keys v. Alamo City Baseball Co., Tex.Civ.App., 150 S.W.2d 368, 371.
Plaintiff argues that she did not assume the risks inherent in sitting in an unscreened area of the park because defendant gave her an assurance of safety. As we have pointed out, the risks and hazards involved did not result from defendant's negligence but were obvious and inherent in the game itself. We do not believe that plaintiff's alleged inquiry as to the safety of an unscreened seat imposed upon defendant a duty to warn which did not otherwise exist. Nor do we believe that the statement alleged to have been made by defendant's usher that "it was safe and that hundreds of people sat there every day" amounted to anything more than a statement that "hundreds of people think so because they sit here every day." The accuracy of this statement should have been quite apparent to plaintiff. We hold that the alleged statement of the usher did not enlarge defendant's duties to plaintiff and that it is apparent upon the face of the petition that defendant was not guilty of actionable negligence. Thompson v. Sunset Country Club, Mo.App., 227 S.W.2d 523, 526.
Plaintiff's first amended petition does not state sufficient facts to constitute a *174 claim upon which relief can be granted against the defendant. The judgment of the Circuit Court of Jackson County should be affirmed. It is so ordered.
VAN OSDOL and LOZIER, CC., concur.
PER CURIAM.
The foregoing opinion by ASCHEMEYER, C, is adopted as the opinion of the court. All concur.