Mary Welday RIPPE, Widow of William Danial Rippe, Deceased, Resident of Pocahontas, Randolph County, Arkansas, Plaintiff-Appellant,

v.

Orval C. SUTTER, Public Administrator of St. Louis County, Missouri, Defendant-Respondent.

No. 45926.

Supreme Court of Missouri, Division No. 1.

Jan. 13, 1958.

Mary Welday Rippe, pro se.

Stamm, Millar, Neuhoff & Campbell, by David Y. Campbell, St. Louis, for respondent.

HOLMAN, Commissioner.

In this action plaintiff sought to recover the sum of $100,000 actual and $200,000 punitive damages from defendant because of his alleged wrongful conduct in his capacity as public administrator of St. Louis County in having caused certain suits to be instituted and maintained against the instant plaintiff. The trial court entered a judgment dismissing the cause, with prejudice, upon the ground that the claim alleged in the petition had been finally adjudicated in two prior actions involving the same parties. Plaintiff has appealed.

This is the second appeal by plaintiff in this case. The prior appeal was also from a judgment of dismissal upon the ground that the alleged claim was res judicata. We reversed that judgment because the transcript did not disclose that the pleadings and judgments in the prior cases had been adduced in evidence and hence the cause was remanded for further proceedings. The petition herein was carefully analyzed upon our former review and its allegations summarized as follows: "* * that defendant, as public administrator of St. Louis County, and one Rachael Mohrman conspired to defraud plaintiff of property which was hers as the widow of her deceased husband and as grantee in certain deeds; that defendant, by the commission of overt acts to effect the object of the conspiracy, defrauded plaintiff of that property; that defendant's overt acts were that he wilfully, fraudulently, and wrongfully caused the institution and maintenance of two certain suits which resulted in void judgments which deprived her of the mentioned property; and that those judgments were void because the courts rendering them acted in excess of their respective jurisdiction." Rippe v. Sutter, Mo.Sup., 292 S.W.2d 86, 88, 89.

On September 28, 1956, the parties appeared in the circuit court and further proceedings were had in the cause. At that time defendant refiled his motion to dismiss as to ground three (res judicata) and

the motion was heard. The defendant offered and the court admitted in evidence the files and judgment entry in causes numbered 202363 and 205796 of the records of the circuit court of St. Louis County, Missouri. Thereafter, as stated, the motion was sustained and cause dismissed, with prejudice.

In case No. 202363 the petition discloses that plaintiff, Mary Welday Rippe, sought to recover $100,000 actual and $200,000 punitive damages from "Orval C. Sutter, Public Administrator of St. Louis County, Missouri, Walter F. Stahlhuth, Judge of Probate, John A. Witthaus and Fred E. Mueller, circuit judges." On July 14, 1954, the motion of defendants to dismiss that petition was sustained and the action was dismissed, with prejudice. In due time plaintiff appealed from that judgment to this court but on October 18, 1954, filed her written withdrawal of that appeal.

On October 1, 1954, plaintiff filed her petition in case No. 205796 wherein she again sought to recover from defendant Sutter $100,000 actual and $200,000 punitive damages. On December 27, 1954, defendant's motion to dismiss that petition was sustained and same was dismissed, with prejudice. Plaintiff also appealed from that judgment but, as before, thereafter filed a withdrawal of that appeal.

Undoubtedly, the judgments entered in the foregoing cases would operate as an adjudication upon the merits and would bar a subsequent suit upon the same claim. State ex rel. McMonigle v. Spears, 358 Mo. 23, 213 S.W.2d 210. Therefore, the only question we need to determine is whether either of those petitions alleged substantially the same claim as that alleged in the instant petition.

It should be stated at the outset that each of the three petitions under consideration were apparently prepared by plaintiff, a laywoman, who appeared in the circuit court, and here, pro se. They each contain much that is irrelevant. We have concluded, however, from a consideration of

the relevant portions thereof, that essentially the same claim was alleged in each of the three petitions. We have heretofore quoted a summary of the instant petition. The two prior petitions each alleged, in substance, that Sutter, "contriving, scheming and devising, and in order to harass, embarrass, worry and cause her great grief, trouble and expense and to cheat, wrong and swindle Mrs. Rippe of her property," wrongfully, fraudulently, illegally and intentionally instituted and maintained in the names of purported cousins (heirs) of Mr. Rippe certain suits and legal proceedings in the probate court of St. Louis County and in the circuit courts of the City of St. Louis and County of St. Louis, to defraud plaintiff of the property and estate she was entitled to as the widow and sole devisee under the will of William Danial Rippe, deceased, and as the grantee in certain deeds from said Rippe to plaintiff, all of the aforesaid courts having no jurisdiction of said matters, and that said proceedings resulted in plaintiff's loss of said property and estate.

The foregoing is sufficient to demonstrate that this is a proper case for the application of the doctrine of res judicata. "A former adjudication on the same cause of action between the same parties is conclusive in the second proceeding as to every issue of fact which was or might have been litigated in the first, under what is called estoppel by judgment." Abeles v. Wurdack, Mo.Sup., 285 S.W.2d 544, 546. All of the matters alleged in the instant petition were or could have been litigated in either of the former suits. It follows that the trial court ruled properly in dismissing this cause, with prejudice.

Judgment affirmed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.