450 So.2d 455 (1984)
Gerald VINES
v.
The BIRMINGHAM BASEBALL CLUB, INC., et al.
83-146.
Supreme Court of Alabama.
May 11, 1984.
Victor L. Miller, Jr., Birmingham, for appellant.
Ann McMahan Perry of Spain, Gillon, Riley, Tate & Etheredge, Birmingham, for appellees.
ADAMS, Justice.
Gerald Vines, plaintiff below, appeals from a summary judgment rendered by the Circuit Court of Jefferson County in favor of the Birmingham Baseball Club, Inc. Vines contends that summary judgment is precluded by the existence of a genuine issue of material fact.
The pertinent facts of this case are as follows:
On August 6, 1982, appellant Vines attended a professional baseball game at Birmingham's Rickwood Field in the company of his wife and another couple. He arrived at the field approximately twenty minutes before the start of the game between the Birmingham Barons and a visiting team. He purchased a ticket to the game at a ticket window, and went inside the ballpark to his seat, which was in the stands along the right side of the playing field, beyond the seating areas protected by screens. At some point during the game, Vines was struck in the head by a baseball batted by a Birmingham Baron. He suffered serious facial injuries.
Vines filed this action, alleging that the Birmingham Baseball Club breached its duty, as operator of the field, to reasonably care for the safety of spectators by failing to warn them of dangers incident to the *456 sport of baseball. In addition to asserting that it owed no duty to Vines, the baseball club raised the affirmative defense that Vines had assumed the risk of being hit by a batted ball.
The baseball club filed a motion for summary judgment against Vines, once again asserting that Vines had assumed the risk of being struck by a batted ball. Following its initial overruling of the motion, the trial court granted the motion, based on its consideration of the supporting affidavit of the baseball club's general manager "in connection with the entire court file." After thorough review of the record, we affirm the judgment of the trial court.
In his affidavit in support of the baseball club's motion for summary judgment, the club's general manager stated that on the date of Vines's injury there were several signs placed in open and obvious locations around Rickwood Field warning spectators of the dangers of being hit by a thrown or batted ball. He specified that the signs were near to the ballpark's entrances, through one of which Vines must have passed to enter. He also stated that Vines could have chosen to watch the game from a seating area protected by a screen, but had not done so.
We think it was incumbent upon Vines to rebut the reasonable inference that he was alerted by the baseball club's signs to the dangers incident to his viewing of the baseball game and that he voluntarily chose to sit in an unscreened seat; he should have responded to the club's motion for summary judgment with specific facts showing that there were genuine issues for trial. Rule 56(e), A.R.Civ.P.; Harold Brown Builders, Inc. v. Jordan Co., 401 So.2d 36, 38 (Ala.1981). His failure to respond to the motion and the statements in the supporting affidavit put him in the perilous circumstance of having the trial court consider the issues of the case in light of the evidence adduced by the club, which included Vines's answers to interrogatories and the affidavit of the club's general manager. See Harold Brown Builders, Inc. v. Jordan Co., 401 So.2d at 38. We have studied that evidence and agree with the trial court that it presented no genuine issue as to any material fact.
For the foregoing reasons, the summary judgment of the trial court is due to be affirmed.
AFFIRMED.
FAULKNER and EMBRY, JJ., concur.
TORBERT, C.J., concurs specially.
ALMON, J., concurs in the result.
TORBERT, Chief Justice (concurring specially).
I agree with the result of the majority opinion affirming summary judgment. Furthermore, I agree that the evidence undisputedly shows that plaintiff assumed the risk of being struck. In addition, however, I am persuaded by defendant's argument that no duty was owed to the plaintiff outside of those steps taken by defendant before the accident. Given that defendant fulfilled its duty, it is unnecessary to reach the question of assumption of risk because this defense presumes the existence of a risk created by defendant's negligence. If defendant has satisfied its duty and therefore is not negligent, we must find for the defendant regardless of plaintiff's assumption of risk.
There is authority for the proposition that owners of a baseball park owe certain duties to their patrons: to provide screened seats for those portions of the stands which are most often subject to the hazard of foul balls and screened seats for as many as may reasonably be expected to desire them; Anderson v. Kansas City Baseball Club, 231 S.W.2d 170, 173 (Mo. 1950); Keys v. Alamo City Baseball Co., 150 S.W.2d 368, 371 (Tex.Civ.App.1941); and to properly maintain the screens and keep them free of defects; see, e.g., Edling v. Kansas City Baseball & Exhibition Co., 181 Mo.App. 327, 332, 168 S.W. 908, 910 (1914). Birmingham Baseball Club provided screened seating in the grandstand area. Plaintiffs did not contend that the screened *457 seating was inadequate. Hence, Birmingham Baseball Club fulfilled this duty.
Plaintiff contends that Birmingham Baseball Club had a duty to warn him of the risk of foul balls. Alabama courts have not decided this precise question. Other jurisdictions have reached conflicting conclusions. Compare Jones v. Three Rivers Management Corp., 483 Pa. 75, 394 A.2d 546, 550 n. 5 (1978), Knebel v. Jones, 266 S.W.2d 470, 476 (Tex.Civ.App.1954), and Anderson v. Kansas City Baseball Club, 231 S.W.2d 170, 173 (Mo.1950), with Falkner v. John E. Fetzer, Inc., 113 Mich. App. 500, 502-03, 317 N.W.2d 337, 339 (1982). See also James, "Assumption of Risk," 61 Yale L.J. 141, 148 (1952). See generally Gray v. Mobile Greyhound Park, Ltd., 370 So.2d 1384 (Ala.1979). Even if we were to accept plaintiff's legal position, we would find that the signs and ticket stub warnings were sufficient to satisfy any duty owed by Birmingham Baseball Club. Indeed, plaintiff does not suggest any improvements that could be made in the warning. Nor does plaintiff contend that individual warnings were appropriate.
"It would have been absurd, and no doubt would have been resented by many patrons, if the ticket seller, or other employees, had warned each person entering the park that he or she would be imperiled by vagrant baseballs in unscreened areas. And yet that would have been defendant's duty, if plaintiff's contention is sound. We overrule that contention."
Keys v. Alamo City Baseball Co., 150 S.W.2d 368, 371 (Tex.Civ.App.1941). Therefore, under plaintiff's position, Birmingham Baseball Club satisfied its duty of care.
Finding no breach of defendant's duty of care, this Court does not need to consider assumption of risk. While admittedly the defense of assumption of risk does involve consideration of several of the factors used in analyzing duty, the practical difference can be quite real.
"Whether or not the basis predicative of an assumption of risk, in a factual situation such as that before us, can more accurately be said to establish the absence of any duty on the part of the defendant which might give rise to negligenceso that the term `assumption of risk' may have become `simply a left-handed way of describing a lack of duty'...seems not greatly material, as respects this case at least. The lack of duty concept would, however, render unnecessary the pleading of assumption of risk as an affirmative defense, assuming such plea otherwise necessary."
Baker v. Topping, 15 A.D.2d 193, 195-96, 222 N.Y.S.2d 658, 660-61 (1961) (citations omitted). I have written this special concurrence, moreover, to delineate, as clearly as possible, the basis for decision in tort law, an area plagued by overlap and confusion. Justice Embry provided the conclusion to my opinion when he addressed assumption of risk, duty, and the hazard of foul balls at a baseball game:
"One does not assume the risk of the flying baseballs because one knows that the balls are apt to come in contact with the cranium; it is because the ball park owes no duty to protect against the risks inherent in the nature of the activity taking place at that time, on that occasion."
Employers Casualty Co. v. Hagendorfer, 393 So.2d 999, 1003 (Ala.1981) (EMBRY, J., concurring specially).